FRUGE, Judge.
This is a damage action against the estate of Claude DeRouen instituted by the minor, Hattie Zagar, for the wrongful death of her mother, Helen Belle Ackal, wife of Earvest A. Zagar. The father-husband, Earvest A. Zagar, had joined in the action, but died before trial. The minor claims $4,200 for loss of support from her mother, said claim reflecting support at the rate of $100 per month during her minority; $10,000 for loss of her mother’s love, affection, care, guidance and companionship; $15,000 for grief, sorrow, and mental anguish; and $1,114.85 for funeral expenses.
Clarence Romero, Administrator for the defendant estate, demanded trial by jury. The jury gave a verdict for plaintiff in the amount of $5,000. Plaintiff has appealed from this verdict and complains that it is inadequate and should be increased. The defendant has answered the appeal requesting that the verdict of the jury be set aside and judgment rendered for defendant, and alternatively that the award be reduced to $1,000.
Plaintiff’s testimony is to the effect that on the afternoon of March 7, 1959, plaintiff’s mother received a telephone call from Claude DeRouen inviting her to have dinner with him and a few friends. Her mother accepted the invitation with the promise that she would return early enough to keep a prior engagement to go to the theater with her daughter. When her mother failed to return timely Hattie became anxious, but, on the advice of her grandmother, did nothing to ascertain the cause of her mother’s delay.
The next morning plaintiff drove to De-Rouen’s home in the country and there discovered her mother’s car. Finding an unlocked door she entered the house and beheld a ghastly and horrifying sight — her mother lay on the floor of a bedroom in a pool of blood, dead; — Claude DeRouen lay on the bed on his back with his legs hanging limp and a pistol between the *698 upper ends of his legs, and he was likewise dead.
Horror-stricken she quickly fled and related the facts to her grandmother who immediately called the Sheriff’s Department. Members of the Sheriff’s Department' and the coroner went to DeRouen’s home. Photographs were taken and various articles found on the scene were taken in evidence. An autopsy was made of both bodies; plaintiff’s mother had been shot in the chest and the right side of the face; Claude DeRouen had been shot in the head behind his right ear. Ballistic tests were made of the gun found on the scene and it was found that bullets from the gun had caused the death of both decedents. Paraffin tests were made of the hands of both decedents; these tests indicated that the gun had been fired by Claude DeRouen.
Plaintiff averred in her petition that the Estate of Claude DeRouen was liable for the wrongful death of her mother because the said Claude DeRouen willfully killed her mother, Helen Belle Ackal, and then committed suicide. The jury, having had the opportunity to see and listen to all the witnesses and to evaluate the evidence presented, maintained the plaintiff’s contention. After reviewing the trial record and the briefs of counsels for plaintiff-appellant and defendant-appellee we conclude that all the evidence leads logically and preponderantly to the conclusion that the jury was correct in its finding of fact. But even if we did entertain some doubts (which we do not), we would be inclined to concur in the finding of the jury who saw and heard the witnesses as to defendant’s liability; moreover it has been repeatedly held that “the finding of the jury with respect to facts involved is entitled to great weight and should be overturned only in the event of manifest error;” (see Pouncy v. Temple, La.App., 41 So.2d 139; Flowers v. Morris, La.App., 43 So.2d 917).
At page 54 of 16 American Jurisprudence, Section 69, we find:
“The action for wrongful death may be based upon the intentional killing of the decedent, as well as upon an injury intentionally inflicted proximately resulting in death. * * * ”
Having concluded that Claude DeRouen was responsible for the wrongful death of Helen Belle Ackal, let us briefly look at plaintiff’s claim for damages. On March 8, 1959, plaintiff Hattie Zagar was seventeen years and five months of age and was living with her mother and grandmother in New Iberia. At the time, her mother and father were living separate and apart; her father lived in Baton Rouge while her mother operated a beauty parlor in New Iberia. Hattie Zagar was a student at Mount Carmel Convent in New Iberia. The record discloses that the plaintiff was a well-behaved and intelligent student, and that she was an eager and talented participant in school activities and extra-curricular activities. Hattie Zagar was an only child; the relationship between she and her mother was characterized by affection and companionship. Due to the death of her mother, Hattie suffered from mental anguish, grief and acute nervous anxiety which adversely affected her school activities and her social activities. Furthermore, plaintiff lost the guidance of her. mother at a crucial time in her life — the threshold of womanhood — as well as loss of support by the death of her mother.
In Smith v. Monroe Grocer Co., La.App., 179 So. 495, 504, the court stated:
“There is no fixed and well-defined rule or principle established by our laws or jurisprudence to guide the court in determining the amount of damages that should be allowed. The quantum of damages is arrived at in each case from a consideration of the facts and circumstances peculiar to the individual case.”
Without itemizing the damage or apportioning the award, the jury returned a verdict awarding plaintiff $5,000. Plaintiff maintains that the award was inade- *699 guate. On the other hand the defendant maintains that the award was excessive and should be reduced to $1,000; defendant’s position would certainly seem a little unrealistic — even in days long gone by this amount might not be adequate. It is now well recognized that the decreased purchasing power of the dollar, due to rise in living expenses, is a proper element for consideration in determining the award in a tort action and courts take judicial notice of that fact. See Stromer v. Dupont, La. App., 150 So. 32; Pellegrin v. Hebert, La. App., 107 So.2d 853.
From Underwood v. Gulf Refining Company, 128 La. 968, 55 So. 641, to Stephens v. Natchitoches Parish School Board, La.App., 110 So.2d 156, our courts have consistently held in similar cases that funeral expenses; loss of support; compensation for sorrow, grief and mental anguish occasioned by death; loss of love, affection, companionship, and guidance, are recoverable elements of damages. The jurisprudence on quantum does not insist on an inflexible uniformity. Awards are usually determined by the special facts of the case.
The main factors usually considered, as reflected by jurisprudence in similar cases, are the ages and the closeness of the relationship existing between the plaintiff and the deceased, their closeness in point of age, and the degree of association between the parties. “In the matter of awards for loss of love, affection and companionship we are faced with the imponderable of imponderables”. Simon v. Texas and New Orleans Railroad Company, La.App., 124 So.2d 646, 654. In the Simon case, supra, this court approved and awarded $10,400 to the sixteen year old son for the loss of his father, plus the sum of $2,600 for loss of support, and awarded $13,000 for loss of love and affection and companionship to the fourteen year old son together with an award of $3,500 for the loss of support.
In Freeman v. United States Casualty Company, La.App., 88 So.2d 423, the Court allowed a judgment of $12,621.23 to a sixty-three year old widow for the mental anguish, grief and sorrow occasioned by the wrongful death of a brother. In the Stephens case, supra the Court allowed $10,000 in damages to a fifteen year old girl for the loss of the love, affection, companionship, counsel and guidance of a parent.
In St. Julien v. State, La.App., 98 So.2d 284, 287, the mother of a convict sentenced to serve 15 years at hard labor was allowed to recover $7,500 for the wrongful death of her son; she was not dependent on her son for support nor was there a close-knit family relationship, yet she was allowed to recover for the loss of her son’s love and affection and for her own mental anguish suffered through his death. Judge Tate, as organ for that Court, stated:
“We are further aware that the life of a felon may be as dear to his mother as that of a saint.”
Plaintiff claims a sum for the sorrow, grief and mental anguish that was visited upon her as a result of the untimely death of her mother. In evaluating her claim this court takes into consideration the fact that this child viewed the horrible scene of her mother’s death.
In her petition plaintiff - itemizes claims for damage in excess of $30,000. We realize that the damages incurred by this minor child for the loss of her mother on such an occasion are not susceptible to exact computation in dollars and cents; if an exact estimate were attempted, it might exceed the value of the defendant estate. Although there can be no question as to the legal justification for an award of substantial damages, this court will also take into consideration the means of defendant estate, for in Leon v. Jackson, La.App., 122 So.2d 102, 105, the court stated that in assessing damages “ * * * a rule is recognized that defendant’s ability or lack of ability to respond in judgment may be taken into account.”
After carefully considering the facts and circumstances (including defendant’s *700 ability to pay) as disclosed by the evidence and the awards in similar cases, we are of the opinion that the award is inadequate and should be increased to $10,000.
It is therefore ordered, adjudged, and decreed that the judgment be amended by increasing the amount awarded to $10,000, and, as thus amended, affirmed; defendant to pay all costs.
Amended and affirmed.