MILLER, Judge pro tem.
For the reasons this day assigned in the case of Little v. Hughes, number 5419 on the docket of this court, La.App., 136 So.2d 448, we are of the opinion that Claude Frank Little is entitled to recover the special damages suffered by the community existing between Little and his wife.
The defendants-appellants, State Farm Mutual Automobile Insurance Co. and Mrs. Minnie Fay Powell Hughes have not questioned the following awards to Little by the trial court:
Snells braces $ 19.52
Baton Rouge General Hospital 255.00
Bone and Joint Clinic 172.50
Oschner Clinic 80.00
Carruth’s Pharmacy 18.77
Loss of Mrs. Little’s earnings 960.00.
In view of the holding for the plaintiff, appellants only complaint concerns the trial court’s award of $693.00 which was granted to reimburse Little for his alleged payment to Mrs. Little’s mother for services in looking after Mrs. Little and her four children for a period of five months. Mr. Little testified that this sum was calculated at the rate of $30.00 per week, but admits that the *458 payment was made in a lump sum m March of 1958. Although Little had a checking account, he did not pay this sum by check, and neither did Mrs. Little’s mother see fit to deposit the payment in the bank. Both testified that it was strict,ly a cash transaction, for which back dated receipts were given. The receipts are in evidence.
Appellants contend first that we should not believe that the money was paid, and second that since Mrs. Little’s mother was neither a registered nor a practical nurse, she was only helping her daughter in the operation and maintenance of the family home and caring for her grandchildren; ■ and that this does not present a claim which can be recognized. Neither counsel has favored us with the citation to any case in point.
Although Mrs. Little’s mother was neither a practical nor a registered nurse, the record shows that she stayed with her daughter almost the entire 15 days in the hospital, and went home with her daughter to care for the household for an additional twenty-one weeks. Thirty dollars per week for such services appears reasonable. Had Mrs. Little employed a practical or registered nurse, the cost would have been substantially more and presumably, defendants would’ admit that such expenditures, if necessary, would be recoverable by plaintiff.
Mr. and Mrs. Little’s home was in Ponchatoula, but Mr. Little was employed in Baton Rouge at the time of the accident. Shortly thereafter he accepted employment in New Orleans. In both positions, it was necessary that he spend the . entire work week near his work, and re- ' turn home only for the weekends. The ' Littles had four young children at home that had to be cared for by someone other than Mrs. Little for a period of at least four weeks — the time Mrs. Little was hospitalized. Even though Mrs. Little and her mother maintain that Mrs. Little needed • additional help beyond the first month of her convalescence, the record is completely barren of any medical testimony to substantiate this.
In Bartholomaus v. H. G. Hill Stores, La.App., 97 So.2d 82, the court allowed the husband to recover the sum expended for domestic help during his wife’s incapacity.
We are of the opinion that the husband can recover the reasonable and necessary expenditures incurred to obtain domestic help to do the work usually done by his wife, but which she could not perform because of her incapacity. In this case, the plaintiff has failed to show the reasonableness and necessity of the expenditure beyond the fourth week. Therefore the award of $693.00 made by the trial court for this item is reduced to the sum of $120.00. All other awards are affirmed.
For these reasons the judgment appealed from is amended by decreasing the amount of the award to be paid plaintiff from $2,198.79 to $1,625.79, and as thus amended, it is affirmed.