147 So.2d 414 (1962)
John Charles PARKER, Plaintiff-Appellee,
v.
Arthur O. SMITH et al., Defendants-Appellants.
No. 9802.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1962.
*415 Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, for defendants-appellants.
Gahagan & Gahagan, Natchitoches, for plaintiff-appellee.
Mayer & Smith, Shreveport, for defendants-appellee.
Before HARDY, GLADNEY and BOLIN, JJ.
BOLIN, Judge.
For the reasons stated in Parker v. Smith et al., 147 So.2d 407, plaintiff is entitled to recover for the wrongful death of his mother, Mrs. Nell Parker. Plaintiff itemizes his damages as follows:

1. Loss of love and companionship
 of his mother $20,000.00
2. Loss of a reasonably anticipated
 inheritance from
 the efforts of his deceased
 mother for the remainder
 of her life expectancy 37,288.64
 ____________
 TOTAL $57,288.64

The claim is asserted under the 1960 amendment to LSA-C.C. art. 2315 which permits a major child to recover for the wrongful death of his parent.
In making a total award of $7,500 to plaintiff, the lower court gave the following reasons:
"Considering first the claim for `loss of a reasonably anticipated inheritance from the efforts of his deceased mother for the remainder of her life expectancy.' Without entering into any discussion of whether or not this is a recoverable item of damages, suffice it to say that the record is barren of any evidence whatever on which an award of this type could be made. The only evidence before the court that might be considered is the amount of average total income of the community during the past ten years. The percentage of contribution through the deceased's effort is of no consequence. Further, income alone does not indicate the potential net worth of a person at death. A person might well earn any amount of annual income and yet at death leave nothing as an inheritance for his or her children. This claim is denied.
"Considering the relationship that existed between plaintiff and his mother and the closeness of the family relationships, the natural love and affection which he had for his mother, the suddenness and unexpectedness of her passing, the diminished value of the present dollar, the court is of the opinion that plaintiff should be awarded the sum of $7,500 for the loss of love and companionship of his mother.
"Therefore, there is judgment herein in favor of John Charles Parker, plaintiff, and against Arthur O. Smith, Unity Life Insurance Company, and Firemen's Insurance Company of Newark, New Jersey, in solido, in and for the full sum of $2,080.31, together with legal interest thereon from date of judicial demand until paid, and against Arthur O. Smith, Unity Life Insurance Company, and Aetna Casualty and Surety Company, in solido, in and for the full sum of $5,419.69, together with *416 legal interest thereon from date of judicial demand until paid. Defendants cast herein are to pay all costs of court."
We concur in the above findings. The record shows plaintiff was 40 years of age at the time of his mother's death; he was married and resided at Baton Rouge. He had been away from home for 13 years and was not financially dependent upon his parents. However, the record shows this son was extremely close to his deceased mother. There is no way to compensate a son for the loss of his mother; dollars are certainly inadequate. The courts, therefore, face the task of calculating such an award with a feeling of inadequacy. Citation of alleged similar cases are of little value, in that each case must be decided on its own particular facts and there is no magic formula. With these observations in mind, we think the trier of facts made a fair award. At least from our study of the record we are unwilling to substitute our judgment for his, and the judgment appealed from is accordingly affirmed at appellants' costs.
Affirmed.