147 So.2d 407 (1962)
J. Curtis PARKER, Plaintiff-Appellee,
v.
Arthur O. SMITH et al., Defendants-Appellants.
No. 9800.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1962.
Rehearing Denied January 2, 1963.
*408 Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, for appellants.
Gahagan & Gahagan, Natchitoches, for plaintiff-appellee.
Mayer & Smith, Shreveport, for defendants-appellees.
Before HARDY, GLADNEY and BOLIN, JJ.
BOLIN, Judge.
This is an action for the wrongful death of Mrs. Nell Parker, resulting from an automobile accident on September 7, 1961, while deceased was a guest passenger in an automobile driven by one of the defendants, Mrs. Pauline Miller. Plaintiff is the surviving husband of deceased. The defendants are, in addition to Mrs. Pauline Miller, Millers Mutual Fire Insurance Company of Texas, the public liability insurer of Mrs. Miller; Arthur O. Smith, the driver of the other vehicle involved in this accident, and his insurer, Firemen's Insurance Company of Newark, New Jersey; Unity Life Insurance Company, employer of Arthur O. Smith; and its insurer Aetna Casualty and Surety Company. This case was consolidated for trial and on appeal with cases of: Corkern v. Smith et al., No. 9801, La.App., 147 So.2d 416; Parker v. Smith et al., No. 9802, La.App., 147 So.2d 414 and Miller et vir. v. Firemen's Insurance Company of Newark, New Jersey et al., No. 9803, La. App., 147 So.2d 413, all arising out of the common occurrence described herein.
In the instant case there was judgment rejecting plaintiff's demands against Mrs. Miller and her insurer, but allowing him recovery against defendant, Arthur O. Smith, his employer and their respective insurers for the sum of $20,000 for the loss of love and companionship and the further sum of $1,052.17 as funeral and ambulance expenses, or a total judgment of $21,052.17, from which all parties have appealed. Plaintiff limited his appeal to that portion of the decree failing to cast Mrs. Pauline M. Miller in solido but also answered *409 defendant's appeal, asking for an increase in the award.
In suit No. 9801 Nell Parker Corkern, as the major daughter of deceased, was awarded a total judgment of $7,500 against Arthur O. Smith, his employer and both their insurers for the loss of love and affection of her mother, from which all parties have appealed or answered the appeal for the same reasons set forth supra in Number 9800.
In suit No. 9802, John Charles Parker, as a major son of deceased, was awarded a total judgment of $7,500 for the loss of love and affection of his mother against Arthur O. Smith, his employer and both insurers, from which all parties have appealed, or answered the appeal.
In suit No. 9803 Mrs. Pauline Miller and her husband were awarded a total judgment of $5,435.50 against Arthur O. Smith and his insurer, consisting of $2,935.50 as property damage and medical expenses and the further sum of $2,500 for personal injuries to Mrs. Miller. Both defendants appealed and plaintiffs answered the appeal praying for an increase.
We are indebted to the esteemed trial judge for a most excellent written opinion from which we take the liberty of quoting:
"The facts of this case are relatively simple and surprisingly free of any serious debate. Defendant, Mrs. Pauline Miller, and the deceased, Mrs. Nell Parker, were returning from a shopping trip to Shreveport when this fatal accident occurred on La. State Highway No. 1 in Red River Parish about 5:30 on the afternoon of September 7, 1961. For some time prior to the accident there had been a heavy rainfall, but at the time of the accident only a light rain was falling. For at least a couple of miles in either direction of the situs of the accident, the highway is straight and level. The surface was what is commonly called a blacktop and the road was 24 feet in width, divided in the middle by a continuous white line. Defendant, Mrs. Miller, was driving a practically new 1961 Chevrolet sedan south, or in the direction of Natchitoches, and defendant, Arthur O. Smith, was driving a 1960 Chevrolet sedan north, or in the direction of Shreveport. A short distance to the rear of the Smith vehicle there was a meat-packing company delivery truck driven by a colored man by the name of Joseph McCall. This truck was proceeding in the same direction as the Smith vehicle. Mrs. Miller was driving at a speed of 55 to 60 miles per hour, and Smith was driving at a speed of approximately 50 miles per hour. It is agreed by all parties that the accident occurred in the east lane of travel which would be Mr. Smith's northbound traffic lane. It also appears beyond dispute that, because of the heavy rain that preceded the accident, there were varying amounts of water in places on the paved portion of the highway in Mr. Smith's lane of travel, which he estimated to be from one to four inches deep.
"The evidence adduced on trial shows that as Mrs. Miller approached the vehicle driven by Mr. Smith, she observed it traveling about the middle of the highway, and that as it continued toward her in that position, she took her foot off the accelerator, and that he pulled further into her lane of travel. As it pulled further into her lane of travel and when she was about 180 feet from the Smith vehicle, she applied her brakes. Upon the application of her brakes, her car started skidding, and for a distance of about 47 feet, as found by the state trooper who investigated the accident, it skidded straight and in her southbound lane of traffic, then turned at about a 45 degree angle, with the front end in a southeasterly direction, into the north-bound lane of travel and skidded for an additional distance of 60 feet to the point of impact with the Smith vehicle. It was shown *410 that prior to the accident, Mr. Smith had been driving partly on his proper side of the road and at sometimes in the center of the road. He explained that he drove on his side of the highway except when it was necessary for him to drive to the center of the road in order to avoid the places where water was on the highway.
* * * * * *
"Defendant, Arthur O. Smith, confirms in essential parts the testimony of defendant, Mrs. Pauline Miller.
* * * * * *
"The court concludes that defendant, Smith, drove his vehicle partly in the lane of travel occupied by defendant, Mrs. Miller, and continued to drive in that position until he was within 200 feet of the approaching vehicle of Mrs. Miller; that Mrs. Miller, upon seeing the Smith vehicle drive into her lane of travel, took her foot off the accelerator, and, believing that he was going to continue toward her in that position on the highway, she put on her brakes, whereupon her car skidded straight for some distance and then turned at an angle into the east lane, or northbound lane of travel; that during this skidding motion of the Miller car, Mr. Smith regained his right side of the highway, and the two cars collided in the northbound lane of travel.
* * * * * *
"The court believes that Mrs. Miller, up to the time she took affirmative action to avert a collision, had the legal right to assume that Mr. Smith was going to vacate her side of the highway. The fact that Mr. Smith occupied a portion of Mrs. Miller's side of the highway is one of the best established facts of events leading up to the collision. Mrs. Miller so testified; McCall confirmed it; and Mr. Smith admitted it. The court does not find that the speed of the Miller vehicle was unlawful under the circumstances, and actually had no proximate relationship to the collision. Up to the time that Mrs. Miller concluded that Mr. Smith was not going to yield her one-half of the highway, she was under no duty to take precautions to avoid a collision.
"The Supreme Court, in the case of Martin v. Firemen's Insurance Company of Newark, N. J., (1961) 241 La. 1047, 132 So.2d 892, on page 893, affirmed `the rule of law uniformly adopted by the courts of this state, applicable in such cases, reported in Blashfield's Cyclopedia of Automobile Law and Practice, Permanent Edition, Vol. 2, Sec. 919', and cites it in footnote 2, as follows:
"`2. A motorist has a right to assume that the driver of a vehicle coming from the opposite direction will obey the law, and to act upon such assumption in determining his own manner of using the road. A driver, therefore, proceeding on the right side of the traveled highway, may assume that the driver of a vehicle approaching on the same side, or on his left-hand side, will do all that a reasonably prudent person, under all the circumstances, would do to avoid a collision, which ordinarily would be to yield half the way, or turn out in time to avoid a collision, and that such driver will not force him, in violation of the statute or ordinance, or the law of the road, to turn from the part of the road on which he is lawfully driving.
* * * * * *
"`These assumptions may not be indulged in, however, after he sees or ought to see, from the situation of the cars or highway or the conduct of the approaching driver, that they are unwarranted. In other words, the duty of an automobile driver, who is on the right side of the street, to stop or take other precautions to avoid a collision with an approaching *411 vehicle, only arises when by due care he discovers that another on the wrong side of the street cannot or will not himself turn to the right to clear his way.'
* * * * * *
"There can be not the slightest question but that Mrs. Miller was faced with an emergency, an emergency not of her making, and up to the point, in time, that she was confronted with this emergency she was free of negligence, and that fact that she may have pressed her foot too hard on the brake pedal, or the fact that she might have passed the Smith vehicle simply by pulling to the right shoulder of the road, does not in any wise alter the fact that she did act prudently under the stress of the time. Maybe by cool reflection she would have acted differently or wiser, but that does not render her negligent in this case. It must be remembered that this situation developed and was consummated all within a matter of perhaps not more than two seconds. Much too short a period of time for this court to say to Mrs. Miller that she was imprudent in her actions and therefore, liable for the consequences * * *
* * * * * *
`The defense of contributory negligence on the part of the deceased, Mrs. Nell Parker, must fall for lack of proof.
"Therefore, this court holds that the sole and proximate cause of this accident was the negligence of Arthur O. Smith in not being attentive in his driving, in driving his vehicle on the wrong side of the road and in not yielding one-half of the road to Mrs. Miller for sufficient distance to avert an emergency, and in not keeping a proper lookout ahead.
"This brings the court to a consideration of the damages. Funeral expenses of $1,037.17 and ambulance charges of $15 are proved. Next the court will consider the quantum for the loss of love and companionship. It was shown that the plaintiff and his wife during their married life of 40 years were practically inseparable. The court does not believe any man and woman could be more an embodiment of Genesis 2:24 than was the plaintiff and his deceased wife. This verse of Scripture reads: `Therefore, shall a man leave his father and mother, and shall cleave unto his wife: and they shall be one flesh.' After the youngest child entered college, about 18 years ago, this couple were inseparable. Mrs. Parker worked in the plaintiff's office, maintaining the same hours that he kept; wherever one went, the other went. They ate together; they went to the post office together; they rode together; one's leisure time was the other's leisure time. No two people, no husband and wife, could have been closer together than was this plaintiff and his wife. As has been said by all the appellate courts time and time again, no particular case should be controlling of another case, but only as a guide to use in the fixing of the amount of damages in any other case, and that each case must be determined on its own merits. This court, considering the inflationary time in which we live, the unusual closeness and mutual devotion of this couple, the severity of the impact of the sudden loss of his life's companion, feels that an award for loss of love and companionship in the amount of $20,000 is neither inadequate nor excessive.
"The claim for damages for loss of services of his wife in plaintiff's office during his life expectancy is to be considered finally. This item of damages has been given close scrutiny by this court, and its conclusion is a deliberate one. During the lifetime of Mrs. Parker, she was not working for the plaintiff, but rather both the plaintiff and his deceased wife were working *412 for the community of acquets and gains which existed between them and which was terminated at the time of her demise. Any claim that exists for the loss of services of Mrs. Parker is a claim to be asserted by the community of acquets and gains, not by the husband, the head and master, in his individual capacity. Therefore, since this would be a claim to be asserted by the community, it became extinct at the time of the termination of the community. The plaintiff has cited only one case, that of Little v. State Farm Mutual Automobile Insurance Company et al (1962) [La.App.,] 136 So.2d 457. This case, however, is no authority for the asserted claim. In the cited case, the community of acquets and gains was still intact and the husband was merely recovering an expense paid by the community of acquets and gains resulting from the accident. Accordingly, this item of alleged damages must be denied.
"The question of responsibility on the part of the defendant, Unity Life Insurance Company, for the negligent acts of its employee, Arthur O. Smith, is foreclosed by the admission on the part of Unity Life Insurance Company in its answer (Article 13 of its answer) that defendant, Arthur O. Smith, was on the date and at the time of the accident acting within the course and scope of his employment with Unity Life Insurance Company. Thus, Unity Life Insurance Company is liable, in solido, with Arthur O. Smith for the latter's negligent acts that resulted in the death of Mrs. Nell Parker.
"There is a stipulation in the record fixing the limits of the policy of liability insurance issued by defendant, Firemen's Insurance Company of Newark, New Jersey, to defendant, Arthur O. Smith, at $10,000 for one person. The policy was not filed in evidence, but apparently what is intended by the stipulation is that $10,000 of insurance is provided for the death of Mrs. Nell Parker, and which means that the claimants who are asserting claims arising out of the wrongful death of Mrs. Parker are to participate in this $10,000, and this participation shall be in the proportion that the whole of the amount awarded in this case and in the companion cases bears to the $10,000. Further, there is a stipulation that the coverage provided by Unity Life Insurance Company through Aetna Casualty and Surety Company and the latter's policy `is only excess over any other valid and collectible insurance that was in effect.' Also, this policy was not filed in evidence. This would mean that there will be judgment against Aetna Casualty and Surety Company for the difference between the total amount of the judgment herein rendered and the amount of the judgment rendered against Firemen's Insurance Company of Newark, New Jersey.
"Therefore, there is judgment herein in favor of J. Curtis Parker, plaintiff, and against Arthur O. Smith, Unity Life Insurance Company, and Firemen's Insurance Company of Newark, New Jersey, in solido, in and for the full sum of $15,212.79, together with legal interest thereon from date of judicial demand until paid. Defendants cast herein to pay all costs of court."
The judgment appealed from is affirmed and costs of this appeal are assessed against defendants-appellants.
Affirmed.

Supplemental Opinion
PER CURIAM.
Our attention has been called to an error in our original opinion in that in quoting and adopting the judgment of the lower court we inadvertently omitted a portion thereof causing our decree to be mathematically incorrect; accordingly, it is corrected to read as follows:
"Therefore, there is judgment herein in favor of J. Curtis Parker, plaintiff, *413 and against Arthur O. Smith, Unity Life Insurance Company, and Firemen's Insurance Company of Newark, New Jersey, in solido, in and for the full sum of $5,839.38, together with legal interest thereon from date of judicial demand until paid, and against Arthur O. Smith, Unity Life Insurance Company, and Aetna Casualty and Surety Company, in solido, in and for the full sum of $15,212.79, together with legal interest thereon from date of judicial demand until paid. Defendants cast herein to pay all costs of court."
As reformed and recast our former judgment is affirmed at defendants-appellants' costs and the application for rehearing is denied.