Neal **KRUITHOF**, Individually and as Tutor, etc., of the Minor Kenneth Neal Kruithof,

v.

**HARTFORD ACCIDENT & INDEMNITY COMPANY.**

Civ. A. No. 10247.

United States District Court
W. D. Louisiana,
Shreveport Division.

May 14, 1965.

Thomas B. Wilson, Bossier City, La., Whitfield Jack, Booth, Lockard, Jack, Pleasant & LeSage, Shreveport, La., for plaintiff.

Paul R. Mayer, Mayer & Smith, Shreveport, La., for defendant.

BEN C. DAWKINS, Jr., Chief Judge.

In this action based on diversity of citizenship plaintiff, on behalf of himself and his minor son, seeks damages for the wrongful death of his wife and daughter. He alleges that their death was caused by the negligence of defendant's insured, and defendant has admitted liability for that negligence. Remaining is the matter of determining the amount of damages to be awarded.

Defendant filed a motion to dismiss the claims of plaintiff individually and on behalf on his minor son for loss of financial support resulting from the death of Mrs. Kruithof. At the time of her death Mrs. Kruithof was employed as a secretary at Parkway Junior High School in Bossier City, Louisiana, at an annual salary of $2,800. We will consider first the claim of plaintiff individually for the loss of financial support resulting from the death of his wife.

In opposition to this claim defendant relies on the case of Parker v. Smith, 147 So.2d 407 (La.App. 2d Cir. 1962). In Parker an accountant sued for the wrongful death of his wife, who worked in plaintiff's office. According to plaintiff's testimony in that case, his wife accounted for about 40% of the total income. Plaintiff sued for the loss of his wife's services in his office based upon the cost of hiring someone to replace her. In rejecting plaintiff's claim, the court said:

"The claim for damages for loss of services of his wife in plaintiff's office during his life expectancy is to be considered finally. This item of damages has been given close scrutiny by this court, and its conclusion is a deliberate one. During the lifetime of Mrs. Parker, she was not working for the plaintiff, but rather both the plaintiff and his deceased wife were working for the community of acquets and gains which existed between them and which was terminated at the time of her demise. Any claim that exists for the loss of services of Mrs. Parker is a claim to be asserted by the community of acquets and gains, not by the husband, the head and master, in his individual capacity. Therefore, since

this would be a claim to be asserted by the community, it became extinct at the time of the termination of the community." (147 So.2d at 411.)

Our careful research confirms the assertion of counsel for both parties that no other reported Louisiana case has considered the claim of a husband in a wrongful death action for the loss of his wife's services and earnings. Plaintiff contends that the Parker case is distinguishable from the instant case and that the language of the court in Parker was only *dictum*.

Plaintiff seeks to distinguish Parker on the ground that there the deceased wife worked in plaintiff's office and did not receive a salary from plaintiff, while in this case Mrs. Kruithof worked for someone other than her husband and received a salary for her services. We do not think this is a valid distinction, because whether the wife worked for her husband or for someone else, she was producing income that was community property. See Fazzio v. Krieger, 226 La. 511, 76 So.2d 713 (1954). The court in Parker treated the income produced by the wife as community property, and the salary earned by Mrs. Kruithof here was also community property. We think this case and Parker, therefore, are factually indistinguishable.

Plaintiff also contends that the language of the court in Parker was only *dictum*, because the husband did not appeal the lower court's refusal to award damages for the loss of his wife's services. Conceding *pro arguendo* that plaintiff is correct in this contention, we still would reach the same result here that was reached in Parker.

The duty of federal courts in diversity cases where no state law can be found governing the question before the court is to "choose the rule which it believes the state court, from all that is known about its methods of reaching decisions is likely in the future to adopt." Putman v. Erie City Manufacturing Co., 338 F.2d 911, 917 (5 Cir. 1964). We think Louisiana courts would follow the language of Parker even if it be considered *dictum,* and we think the court in Parker reached the correct result.

Plaintiff relies on jurisprudence holding that a husband can recover the loss of the wife's wages on behalf of the community when the wife is *injured* by the negligence of another. See Chandler v. F. Strauss & Son, 194 So. 133 (La. App.2d Cir. 1939). He contends that the same result should follow when the wife is killed negligently. However, in the former instance after the wife's injury the community of acquets and gains between the husband and wife continues with all its assets and responsibilities. Any loss of income suffered because the wife is disabled is suffered during the existence of the community, and suit to recover this loss of income must be brought by the husband in his capacity as head and master of the community. McMurray v. Aetna Casualty & Surety Co., 141 So.2d 989 (La.App.2d Cir. 1962).

On the other hand, when the wife is killed, the community immediately comes to an end. The assets of the community must be distributed according to law, and no new responsibilities can be incurred on behalf of the community. Any loss of income caused by the wife's death will be suffered after the community is dissolved. Therefore, we agree with the court in Parker, supra, that in the factual situation presented in that case the husband should not be allowed to recover damages for the loss of his wife's income and support.

We note particularly that in Parker the husband was an accountant and was not dependent solely upon his wife's income because of any physical or mental impairment, and we think the holding of that case would be limited by Louisiana courts to the facts there presented. In this case there is nothing yet to show whether Mr. Kruithof is able to earn a living or whether he was dependent solely upon his wife's earnings. If, however, it subsequently is shown that plaintiff is capable of working we will follow the ruling in Parker and deny his claim for the loss of his wife's support.

■ Likewise, we think the claim of the minor son for the loss of support must be denied. Again no jurisprudence on this particular issue has been found, but we think in the exercise of sound judgment Louisiana courts would deny his claim.

■ Under LSA–Civil Code Article 227 (1950) fathers and mothers have "the obligation of supporting, maintaining, and educating their children." While the minor son no longer can look to his mother's salary for this support, his father still retains the obligation of providing the same support to which the child was entitled before his mother was killed. Children of a marriage are not entitled to a certain portion of the community income, and they thus are not damaged by a reduction in the income of the community unless it deprives them of the support to which they are entitled. Unless it can be shown that the child was dependent entirely upon his mother for the support to which he was entitled and that the father is incapable of providing that support, we think the child cannot maintain an action for loss of support resulting from his mother's death.

Plaintiff relies on Zagar v. Romero, 134 So.2d 696 (La.App. 3d Cir. 1961) in which the court indicated that it was proper to award damages for loss of support to a minor daughter for the wrongful death of her mother. We think that case is distinguishable, because in Zagar the child's father was deceased and was not available to provide the support to which the child was entitled.

· Therefore, we hold that, unless it can be shown that because of physical or mental disability Mr. Kruithof is completely unable to support himself or his son and that they both were totally reliant upon Mrs. Kruithof's income for support, the claim of plaintiff individually and on behalf of his minor son for loss of support resulting from the death of Mrs. Kruithof will be denied.

■ Plaintiff claims damages for the total destruction of his Volkswagen automobile in the accident. In addition, he alleges that it was necessary for his son to drive that automobile to school each day, a distance of about six miles. He claims that his son suffered a psychological association of the small car with the accident and that he could not bear for his son ever again to drive a small car. As a result, he claims he bought a new Chevrolet automobile for his son to drive to school for the next six years, and he claims $6,200 as the difference in cost and upkeep of the larger car over the next six years.

Defendant conceded that plaintiff is entitled to recover the replacement value of the Volkswagen automobile and tendered that amount to plaintiff, but defendant opposes the claim for difference in cost and upkeep of the larger car. We think this claim for damages is speculative, and it often has been held that Louisiana courts will not render an award for speculative damages. Tadin v. New Orleans Public Service, 226 La. 629, 76 So.2d 910 (1954); Jacobs v. Solomon, 219 La. 237, 52 So.2d 763 (1951); Ferguson v. Britt, 191 La. 371, 185 So. 287 (1938). Therefore, this claim of plaintiff also will be denied.