213 So.2d 158 (1968)
Eva A. RICHARD et al., Plaintiffs-Appellees,
v.
The AMERICAN OIL COMPANY et al., Defendants-Appellants.
No. 2429.
Court of Appeal of Louisiana, Third Circuit.
July 29, 1968.
*159 Davidson, Meaux, Onebane & Donohoe, by James Diaz, Lafayette, for defendant-third party plaintiff-appellant.
Edwards, Edwards & Broadhurst, by Nolan J. Edwards, Crowley, for plaintiff-appellee.
Mouton, Champagne & Colomb, by Welton P. Mouton, Lafayette, for third party defendant-appellee.
Before TATE, FRUGE and CULPEPPER, JJ.
TATE, Judge.
The widow and surviving children of Joseph F. Richard bring suit for his wrongful death. He died as a result of injuries sustained when his station wagon was demolished by a truck of the American Oil Company, when its driver applied his brakes and lost control of it. The plaintiffs sue American Oil and its driver. The District Court held, after trial, that the negligence of American Oil's driver was the sole proximate cause of the accident.
By their appeal, the defendants-appellants contend: (a) that the sole proximate cause of the accident was the negligence of a forward driver in improvidently attempting a left turn, or (b), alternatively, at any event the negligence of this driver concurred with the defendant's. (The defendants-appellants had, in the alternative, by third-party demand sought contribution from the employer of this other driver, the Baroid Division, National Lead Company, and its liability insurer.) The defendantsappellants also strenuously urge that the awards are excessive.
1. Liability.
We find no error in the trial court holding as to negligence.
The evidence shows that the driver of the forward or Baroid truck had commenced signalling his left-turn intention by signal lights some 300 feet south of a driveway. He flashed his brake-lights some 60 feet south of it, proceeding at about 5 mph. When he saw the American Oil Company truck still approaching from his rear, he continued forward without ever crossing the center line of the highway or commencing his turn.
On the other hand, the driver of the American Oil truck at places in his testimony denied a seasonable prior signal by the forward vehicle. However, at other places he admitted that as much as 300-600 feet behind he could see the forward Baroid truck, which he saw braking, was intending to turn. See, e.g., Tr. 95, 98, 100.
Other admissions in his testimony (e.g., Tr. 99, 192) corroborate the Baroid driver's testimony to the effect that the American Oil truck continued to approach at too high a rate of speed appreciably after the forward truck's seasonable signals and slowing movements indicated its apparent intention to stop and turn left. As a result, the American Oil driver lost control of his heavy truck, which weighed 12 tons empty as it was (having just delivered a 22-ton load), skidded and jack-knifed, and swung so as to hit the decedent Richard's opposite-bound station wagon, which had drawn onto the shoulder in an attempt to escape being hit.
Under the facts proved by the preponderating evidence, the trial court correctly *160 held that the sole proximate cause of the accident was the negligence of the American Oil driver in continuing to approach at an excessive speed and with insufficient control and observation, after the forward Baroid driver had made proper and timely signal of his intention to turn left. Burns v. Evans Cooperage Co., 208 La. 406, 23 So.2d 165 (1945); Gorum v. Pritchard, 173 So.2d 308 (La.App.3d Cir. 1965), certiorari denied.
2. Quantum.
The defendants-appellants contend that the awards are excessive. By answer to the appeal, the plaintiffs-appellees pray that they be increased.
The trier of fact has great discretion in the award of general damages. Civil Code Article 1934(3). This should not be disturbed on appellate review in the absence of clear abuse and after taking into consideration that each personal injury may be evaluated according to its own peculiar facts and circumstances. Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967); Gaspard v. LeMaire, 245 La. 239,158 So.2d 149 (1963).
Tested by this standard, we find no abuse of the trial court's discretion in the following awards complained of:
(a) $20,000 damages to the 58-year-old widow of the previously healthy and hard-working 72-year-old decedent for loss of his love, companionship, and support (his employer testified he still earned $14 to $21 per week as a farmhand in weeks he worked); see Perot v. United States Casualty Co., 98 So.2d 584 (La. App.2d Cir. 1957);
(b) $3,500 for the decedent's pain and suffering, entirely conscious and without pain-easing drugs, described by the attending physician as "agony", during the two hours or so between the accident and his death; see the Perot case, cited above, and Guidry v. Crowther, 96 So.2d 71 (La. App.1st Cir. 1957);
(c) the awards to the major children, from $7,500 to the daughter who lived right next door and intimately with his household throughout her life, down to $5,000 to the two children of the first marriage, who lived at a distance but who visited their father (or he them) several times a year (Tr. 172); see, e.g., Bonilla v. Arrow Food Distributors, Inc., 202 So. 2d 438 (La.App.4th Cir. 1967), Averette v. Travelers Insurance Co., 174 So.2d 881 (La.App.1st Cir. 1965), and Parker v. Smith, 147 So.2d 414 (La.App.2d Cir. 1962).
Decree.
For the foregoing reasons, we affirm the judgment of the District Court in favor of the plaintiffs and dismissing the defendants-appellants' third-party demand against the Baroid Division, National Lead Company, et al. The defendants-appellants are to pay the costs of this appeal.
Affirmed.