MILLER, Judge.
This is a wrongful death action filed by the deceased’s three children, Louis De-ville, Winnie Deville and Lillian Deville. Plaintiffs are seeking damages for the lo-ss of love and affection of their mother, Mrs. Marceline Daigle Deville, who was killed in an automobile accident on October 24, 1967, while riding as a guest passenger in a car driven by Mrs. Emile Miller and insured by defendant, State Farm Mutual Automobile Insurance Company. Mrs. Miller was admittedly negligent and the only issue is quantum of damages.
The trial court awarded $6,500.00 to each plaintiff and defendant, State Farm, has appealed.
Death occurred instantly and thus pain and suffering is not a factor. The evidence centers around the relationship between plaintiffs and their mother, who, at the time of her death, was 78 years old. Plaintiffs vary in age between 39 and 52 years. The testimony reveals a history of a rather poor, rural, and French-speaking *643 family. The parents were illiterate and the children, plaintiffs herein, in spite of their own limited education seem to have established themselves satisfactorily. One child lives in Beaumont and the other two live in California. Decedent’s husband pre-deceased her.
Lillian Deville who lives in Beaumont, Texas, visited her mother in Eunice, Louisiana one to three times a month and allowed one of her own six children to live with the deceased to keep her company. From time to time Lillian drove to Eunice to get the deceased for a visit with her for two or three weeks in Beaumont. She also sent her mother gifts and contributed to her financial welfare. Lillian’s daughter, Marie, was living with her grandmother at the time of the latter’s death.
Louis Deville and his family lived across the street from his parents until they moved to California in 1961. Louis testified that he had his morning cup of coffee with his mother every day while he lived in Eunice. After he moved to California he called his mother every Sunday morning and either he came to Eunice or his mother visited him in California at least once a year, staying anywhere from several weeks to several months. Louis’ only daughter, Mary, lived with the deceased for several years to look after her. Louis sent his mother gifts and money on numerous occasions.
Winnie Deville lives in Los Angeles, California about five blocks from her brother, Louis. She visited her mother or her mother visited her at least once a year in California. Prior to moving to California, Winnie lived in Eunice and visited her mother every day. She also- telephoned her mother two or three times a month from California and sent her money on occasion.
All in all the evidence, which includes the testimony of the three plaintiffs and two neighbors, reveals a close-knit family, maintaining its ties even though separated by considerable distances. Moreover, these plaintiffs, all having families of their own, and of seemingly modest means, did not hesitate to spend of their time and money in order to maintain close and constant ties with their aging mother. Such devotion is not commonplace in our highly mobile, and oftimes impersonal, society.
The trial judge, who was in the best position to judge the credibility of the witnesses, felt that there were “very strong family ties, ties that would make any family proud.” We see no error in his assessment.
In the cases relied on by both counsel, the awards run the gamut from $2,500.00 to $7,500.00. Plaintiffs stress the case of Parker v. Smith, 147 So.2d 414 (La.App. 2nd Cir. 1962), where the Court held that an award of $7,500.00 to a 40 year old son who had been away from home 13 years but was extremely close to his deceased mother was proper. Defendant places its main emphasis on the case of Bonilla v. Arrow Food Distributors, Inc. et al., 202 So.2d 438 (La.App. 4th Cir. 1967), where the Court awarded $3,000.00 to a 25 year old married daughter, $3,000.-00 to a 22 year old married son and $3,500.00 to a 17 year old married daughter for the loss of love and affection resulting from the wrongful death of their 49 year old father. A close reading of this case reveals the appellate court’s comment that although the awards for love and affection appeared to be lower than awards in similar cases, it would nevertheless not disturb the trial court’s decision. We believe the Parker case is more analogous to the instant case than Bonilla.
Loss of love and affection is not susceptible of exact measurement and therefore the opinion of the trial judge in awarding damages is entitled to great weight. We think he was correct.
The judgment of the trial court awarding plaintiffs $6,500.00 each for loss of *644 love and affection in the wrongful death of their mother is affirmed. Costs are taxed to Defendant-Appellant.
Affirmed.