FRUGÉ, Judge.
This is a tort action resulting from an accident occurring on July 23, 1961, in the vicinity of an oil well site near Grand Chenier, Louisiana.
Plaintiff was a member of a crew working for Crain Brothers, Inc., in building a boardroad across a marsh to a proposed well location. The boardroad ran a distance of about 1,900 feet from a public road to the matting that had been constructed for the location of the drilling rig and derrick. This matting was about 100 feet *636 square; on the west of it was a wing having a width of approximately 16 feet and a length of approximately 90 feet. Near the west end of this wing, facing east, was a Crain truck which had been out of operation for about three days. Also situated on the wing was a Sears truck and trailer, facing toward the Crain track. The Sears truck had been driven to the location with a load of lumber and the unloading thereof had been almost completed when the noon hour arrived. At noon the Crain workers stopped working to eat their lunch. While eating lunch the Crain crew, including plaintiff, sat under and behind the Crain truck in order to be in the shade while eating.
To the east of the Sears truck was a Carr truck, facing in an easterly direction. The driver of the Sears truck could not start his truck and needed a push. When the noon hour arrived the driver of the Sears truck did not want to wait for the end of the lunch hour to get help from the Crain crew to start his truck. He therefore requested the driver of the Carr truck to push his truck to try to start it. The Carr truck backed up to the back end of the Sears truck and it pushed the Sears truck a short distance. The brakes were not working on the Sears truck. The Sears truck was unable to stop and it struck the front end of the Crain truck, causing the left rear dual wheels of the Crain truck to strike and run partly over the plaintiff.
Plaintiff brought suit against Sears and his insurer and against Carr Truck Services, Inc., and its insurer. United States Fidelity and Guaranty Co., workmen’s compensation insurer of Crain, intervened to recover sums paid to plaintiff under the workmen’s compensation law. The district court rendered a judgment in favor of the plaintiff and against Sears and his insurer in the sum of $5,489.62, subject to inter-venor’s claim of $5,075.27. The demands against Carr Truck Service, Inc. and its insurer were rejected. From this judgment Sears and his insurer appeal, contending that the demands against them should have been rejected. Plaintiff also appeals, contending that his demands against Carr Track Service, Inc. and its insurer should have been granted; plaintiff also prays for an increase in the award.
Sears and Ms insurer. Sears and his insurer contend that there was no negligence on the part of the driver of the Sears truck. They also argue that if there was negligence, plaintiff is barred from recovery because of contributory negligence.
The trial judge found as a fact that the driver of the Sears truck was negligent under the circumstances. Our reading of the record shows that the trial court was not manifestly erroneous.
The record shows that the brakes on the Sears truck were not working at the time of the accident. This fact was well known to the driver of the Sears truck. Nevertheless, he proceeded to have the truck pushed in the face of this known danger. He initiated and brought about the movement of his vehicle in the direction of the Crain truck. His inability to maintain proper control of his truck and stop it prior to striking the Crain truck, coupled with his knowledge of the condition of the brakes of the truck, constituted negligence which was the cause of the accident. Under the facts of this case the driver of the Sears truck displayed a reckless disregard for the safety of others in the area.
Defendants argue that plaintiff was guilty of contributory negligence by placing himself in a dangerous position and not providing for his own safety. The record does not support such a position. The Crain truck had been out of operation for about three days and was parked at the end of the wing. It is evident that no one would have anticipated any traffic on that part of the wing or any movement of the Crain truck. It was reasonable for plaintiff to assume that this was a safe place to spend the noon hour. Plaintiff could not have anticipated that the Sears truck would be *637 shoved by the Carr truck and that the Sears truck would hit the Crain truck.
Carr and its insurer. The trial judge found as a fact that the driver of the Carr truck was not negligent under the circumstances. We find no manifest error in this conclusion.
The record shows that the Carr truck pushed the Sears truck about ten feet. There was ample distance for the driver of the Sears truck to control and stop the truck before colliding with the Crain truck after the Carr truck had ceased pushing the Sears truck. The driver of the Carr truck did not know that the brakes on the Sears truck were not working. There was no negligence on the part of the driver of the Carr truck.
Qiiantum. Plaintiff contends that the award made by the trial court was insufficient to compensate plaintiff for injuries received as a result of the accident.
Plaintiff argues that he suffered an inguinal hernia as a result of the accident. The testimony is somewhat conflicting in this respect. Plaintiff also contends that the district court erred in failing to find that the accident caused or aggravated a disabling condition in plaintiff’s low back area. A review of the record shows that the medical testimony on these points is conflicting. The trial judge, after weighing all of the evidence, arrived at the conclusion that plaintiff did not establish, by a preponderance of the evidence, that he sustained any disabling injury or aggravation to his back or a hernia as a result of the accident. Our reading of the record convinces us that the trial judge was not manifestly erroneous in his conclusion.
Plaintiff also takes the position that the district court’s award was insufficient. The district court awarded plaintiff $4,000 for injuries, pain and suffering; $707.38 for medical expenses; and $782.24 for lost wages for four months. The record shows that plaintiff was 57 years old at the time of the accident. The accident caused numerous contusions in the area of his chest, left side of his abdomen, left hip and left side of his low back. He suffered considerable pain for several days and sustained fractures of several ribs. He was hospitalized for a period of five days and was bandaged for about three months. The ribs healed normally, without any complications, and plaintiff’s disability due to the fractured ribs covered a period of about four months.
 The trial court has great discretion in computing awards for personal injuries. Our reading of the record shows that the trial court did not abuse this great discretion in the case before us. See Gaspard v. LeMaire (On Rehearing), 245 La. 239, 158 So.2d 149.
For the foregoing reasons the judgment of the district court is affirmed. Appellants are assessed costs of this appeal.
Affirmed.