TATE, Judge.
The plaintiff Linthicum was injured while riding in a Chevrolet owned and driven by the defendant Hill. Hill and his liability insurer are made codefendants in this suit by Linthicum to recover for personal injuries. The defendants appeal from an award to Linthicum of $2,750 general damages. By answer to the appeal, the plaintiff-appellee prays for an increased award.

1.

The defendants-appellants chiefly contend that the plaintiff Linthicum’s recovery is barred by his contributory negligence or assumption of the risk, in that the defendant host driver Hill was allegedly intoxicated to the extent that his faculties were materially impaired, which was the cause of the accident, and in that the plaintiff Linthicum as guest passenger allegedly knew of such condition and yet voluntarily rode with him. Viator v. Grain Dealers Mut. Ins. Co., La.App. 3 Cir., 182 So.2d 165; Stalsby v. Powell, La.App. 3 Cir., 146 So.2d 279.
However, as the trial court found in its excellent and detailed reasons for judgment, these allegations of contributory negligence were based solely upon the circumstance that Hill and Linthicum had consumed two cans of beer before eating a substantial meal. At the time of the accident, they were returning in the late afternoon to the military post at which they were station *868 ed. The vast preponderance of the evidence, including the testimony of the investigating police officers, shows that Hill was not intoxicated nor under the influence of alcohol at the time of the accident.

2.

By answer to the appeal, the plaintiff contends that the award of $2,750 for his personal injuries is manifestly insufficient.
The evidence shows that he sustained eight broken ribs and some lacerations of the scalp and left forehead in the accident, that he was hospitalized for eleven days, and that he was then released for return to military duty, following which, according to the almost uncontradicted medical evidence, he was to be cured without residual in approximately four to six months. Following his release from the hospital, Linthicum did suffer discomfort and a sore chest for several months; but the evidence does not preponderantly prove that this interfered to any degree with the performance of his supervisory duties. There was no testimony or evidence that there was any residual of the forehead and scalp lacerations at the time of the trial, some four months after the accident.
 The trier of fact has much discretion in the award of general damages for personal injuries, which in the absence of abuse should not be disturbed upon appellate review. LSA-Civil Code Art. 1934(3); Ballard v. National Indemnity Co., 246 La. 963, 169 So.2d 64; Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149. As these decisions hold, on appellate review the amounts of awards in so-called “similar” cases are relevant only to determine if the award is so excessive or so inadequate as to be an abuse of the “much discretion” of the trial court.
The plaintiff suffered fairly severe pain for about two weeks, but his residual discomfort was moderate. Considering the quite temporary and moderate nature of this residual discomfort, the award of $2,750 general damages does not constitute an abuse of the trial court’s discretion in the matter. See, e. g., the award in Camus v. Bienvenue, La.App. 1 Cir., 91 So.2d 99.

3.

The plaintiff does point out to us that, apparently through inadvertence, the trial court judgment failed to award an expert witness fee to Dr. Salvador Vilella, the attending physician, who also testified as an expert witness. This witness should be allowed the same expert fee as that assessed for the two other doctors testifying; the judgment will be amended accordingly.
For the reasons assigned, therefore, the judgment of the trial court is amended so as to fix the expert witness fee of Dr. Salvador Vilella at $50 and to tax same as costs; as thus amended, the trial court judgment is affirmed in all other respects.
Affirmed.