200 So.2d 693 (1967)
Joyce B. DESSELLE et vir, Plaintiffs-Appellants,
v.
Marvin M. WILSON et al., Defendants-Appellees.
No. 2033.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1967.
*695 Bennett & Laborde, by P. J. Laborde, Jr., Marksville, for plaintiffs-appellants.
Gist, Methvin & Trimble, by DeWitt T. Methvin, Jr., Alexandria, for defendants-appellees.
Before TATE, FRUGE, and HOOD, JJ.
TATE, Judge.
The sole issue of this appeal concerns the amount of the awards.
While driving home from her teaching work, the plaintiff Mrs. Desselle's automobile was struck from the rear by a vehicle driven by the defendant Wilson. She and her husband sue Wilson and his liability insurer for damages sustained through Wilson's negligence. The plaintiffs appeal the trial court award as insufficient, while the defendants answer the appeal praying for a reduction.
The award to the plaintiff wife.
The plaintiffs appeal as insufficient the trial court's award of $900 general damages to the plaintiff wife for her personal injuries. These consisted of bruises, a minor muscular sprain of the neck, and a relatively minor strain (tearing) of the inter-spinous ligaments in the area of the 12th thoracic vertebra. Due to pain from her initial injuries, the wife could not perform her teaching duties for about a week. She was able to return after the Christmas holidays.
The chief residual after her return was a tenderness and low-grade discomfort over a one-inch area of her back, due to persistence of discomfort resulting from the ligamentous sprain. This discomfort was exacerbated into pain by maximum exertion, so Mrs. Desselle to some extent limited her gardening activities. This residual persisted up to the time of trial a year later.
On appeal, the trier of fact's award of general damages for personal injuries should not be disturbed unless the reviewing court finds an abuse of the fact-trier's great discretion in this regard, taking into consideration also that each personal injury may be evaluated according to its own peculiar facts and circumstances. LSA-Civil Code Art. 1934(3); Ballanga v. Hymel, 247 La. 934, 175 So.2d 274; Ballard v. National Indemnity Co., 246 La. 963, 169 So.2d 64; Gaspard v. Lemaire, 245 La. 239, 158 So.2d 149. See, generally, Comment, 25 La.L.Rev. 545 (1965). As the cited decisions note, the awards of other cases for seemingly similar injuries are relevant only insofar as they may indicate that the present award is so greatly out of proportion with prior ones as to indicate that it is so excessive or so inadequate as to constitute an abuse of the trial court's great discretion.
Considering the fact-trier's function to evaluate the credibility of the claimant's complaints as to the magnitude and duration of the residual pain, Miller v. Central Mutual Insurance Co., La.App. 3 Cir., 174 So.2d 280, we cannot say that the trial court abused its great discretion in awarding only $900 general damages for the personal injuries suffered by Mrs. Desselle. See, e. g., Ballanga v. Hymel, 247 La. 934, 175 So.2d 274 ($700 trial award affirmed, against Court of Appeal's evaluation of *696 injuries as worth $2,500). We therefore reject the contention of inadequacy raised by the plaintiffs' appeal. For similar reasons, we reject the contention of excessiveness raised by the defendants' answer to the appeal.
The award to the plaintiff husband.
The trial court awarded the plaintiff husband special damages of $585 for the losses caused the marital community through the negligence of the defendant insured. By answer to the appeal, the defendants-appellees attack the allowance of $408 proven car rental for 34 school days. This was the period for which, while the community automobile was being repaired, the plaintiff wife was required to hire an automobile to transport her from her home to the school at which she worked some 17 miles distant.
The evidence shows that the community vehicle was severely damaged but repairable. (The husband only recovered the $100 deductible for the great damage to this 1965 automobile, since the loss was covered by collision insurance.) The evidence is uncontradicted that the community was forced to rent this car, that the community car was being repaired during this period, and that the husband is obligated to pay the amount awarded to the automobile company.
However, the defendants-appellees contend that the 1965 Chevrolet should have been repaired much sooner and that this loss should be disallowed as not sufficiently proven, as where the recovery is limited because the delay in repairing it is due to some failure of the plaintiff to minimize the loss. Mitchell v. United States Casualty Co., La.App.Orl., 70 So.2d 463.
A tortfeasor may be held liable for damages for loss of use of an automobile damaged by his tort, but the measure of the award depends upon the circumstances.
If the automobile is damaged so extensively that the cost of repairing it exceeds its pre-accident value, then the owner is regarded as compensated by the award to him of such prior worth less salvage value. Crabtree v. Home Indemnity Co., La.App. 2 Cir., 185 So.2d 820; Richoux v. Grain Dealers Mutual Insurance Co., La.App., 3 Cir., 175 So.2d 883. In this situation, the owner's recovery for loss of use is limited to the cost of renting a replacement vehicle or of such other substitute transportation expense incurred during the reasonable period it takes for the owner to ascertain that the vehicle cannot be repaired economically. Plotkin v. Martino, La.App. 4 Cir., 192 So.2d 381. (Of course, where it reasonably develops only after repairs have commenced that the costs of the repairs will exceed the vehicle's prior value, then the owner may still recover the full cost of repairs plus the full cost of substitute transportation expense. Carrol v. Hartford Accident & Indem. Co., La.App. 1 Cir., 152 So.2d 258.)
On the other hand, where as here the damaged automobile is repairable economically, then the owner is entitled to recover for the cost of renting a replacement vehicle or of otherwise securing transportation when necessary during the period his own vehicle is being repaired. National Motor Club of La., Inc. v. American Indem. Co., La.App. 4 Cir., 170 So.2d 729; Cook v. Southern Farm Bureau Cas. Ins. Co., La. App. 2 Cir., 124 So.2d 183; Moore v. Shreveport Transit Co., La.App. 2 Cir., 115 So.2d 218. This period includes also the reasonable time during which the owner is determining whether it was economically worthwhile to repair the damaged vehicle. National Motor Club of La., Inc. v. American Indem. Co., cited above. Nevertheless, where there is an unreasonable or excessive delay in commencing repairs due to some unexcused failure of the owner to minimize damages, the tortfeasor is not liable for replacement transportation costs incurred during such unreasonable or excessive pre-repair delay. Alderman v. Henderson, La.App. 2 Cir., 130 So.2d 157; White v. Trahan, La.App. 1 Cir., 111 So.2d 561.
*697 See also: Annotation, DamagesInjury to Pleasure Vehicle, 169 A.L.R. 1100, 1117 (III b); Annotation, DamagesInjury to Commercial Vehicle, 169 A.L.R. 1075, 1087 (III b); 25 C.J.S. Damages § 41; 8 Am. Jur.2d Automobiles and Highway Traffic, Sections 1047, 1048, 1049.
According to the garageman who repaired it, after the accident the plaintiff husband promptly reported the vehicle's damage to him and to the collision insurer. Some delay was occasioned by the failure of the collision insurer to authorize repairs immediately until after it investigated the accident, but the primary delay resulted from the inability to obtain parts. Tr. 88, 89. The garageman's uncontradicted testimony is to the effect that a period of 30 to 40 days was a reasonable time within which to make the repairs, but that a lot hinged on getting parts in view of some shortages. Tr. 89.
The plaintiff's car was wrecked on December 16, 1965. The repairs were not completed until February 16, 1966. However, since the plaintiff did not rent a vehicle to return to her school work until January 2, the trial court only allowed recovery for the car rental for the 34 school days between that date and the completion of repairs. (On appeal, the plaintiff does not complain of the disallowance of rental for non-working days.)
The reasonableness of the time needed to make the repairs largely depends upon the context circumstances, and it may properly involve the uncontrollable delay of the repairman in securing the parts necessary to complete the repair work. Kohl v. Arp, 236 Iowa 31, 17 N.W.2d 824, 169 A.L.R. 1067 (1945). Further, the wrongdoer who claims a reduction of damages caused by the tort has the burden to prove that the injured person could reasonably have minimized the loss or avoided some of the damages so caused. Andrus v. Security Insurance Co. (Great American Insurance Co.), La.App. 3 Cir., 161 So.2d 113.
Considering the applicable principles above summarized, as well as the uncontradicted evidence, we must reject the contention of excessiveness made by the defendants-appellees. Under the present record, we cannot say that the trial court's award exceeds that properly allowable for the period during which the vehicle was repairable with ordinary diligence, together with a reasonable period for determining the necessity of and for making arrangements for the repairing of the vehicle.
Decree.
For the reasons previously stated, therefore, we affirm the trial court's awards as neither excessive nor insufficient. The plaintiffs-appellants are to pay the costs of this appeal.
Affirmed.