HOOD, Judge.
Plaintiff, Hubert Bertrand, sues for damages for personal injuries sustained by him when an automobile which he was driving collided with a parked truck owned by Martin Rice Dryer, Inc. The suit was instituted against Home Indemnity Company, the insurer of the truck. Judgment was rendered by the trial court in favor of plaintiff, and defendant has appealed.
The accident occurred about 8:30 p. m. on February 27, 1963, on Fourth Street, in the City of Crowley, Louisiana. It was dark at that time, but the weather was clear and visibility was good. Plaintiff was driving an automobile owned by L. J. Walter in a westerly direction on Fourth Street. As he approached the intersection of that street with Avenue “E”, the right front part of the car he was driving struck the right front part of an International truck owned by Martin Rice Dryer which was parked on the north side of Fourth Street, facing east.
Fourth Street at that point is a heavily traveled, blacktopped city thoroughfare, which runs east and west. The hard surfaced portion of the street is about 18 feet wide, and there are narrow shoulders and drainage ditches on each side of the hard surfaced slab. Parking is permitted on either side of the street, and motor vehicles regularly park along both sides of Fourth Street in that area. The collision occurred a few feet east of the intersection of Fourth Street and Avenue “E”. There is a street light at the intersection of these two streets, which was burning and was illuminating the area around that crossing at the time of the accident.
The Martin truck was parked on the north side of Fourth Street in such a way that its left wheels were in the ditch on that side of the street, and its right wheels were on the hard surfaced slab, the right side of the truck extending a distance of from one and one-half to three feet on or over the north edge of the pavement. Considering the narrowness of the shoulders and the fact that the left wheels of the truck were down in the ditch, it appears that the truck was parked about as far off the traveled portion of the street as it was possible for it to be parked.
Another motor vehicle, a school bus, also was parked in that immediate vicinity. The school bus was parked on the south side of Fourth Street, directly across the street from the Martin truck, and it also was facing east. There were no lights burning on either the Martin truck or on the school bus, and no flares, flags or signals of any kind had been put out to warn approaching motorists of the fact that those vehicles were parked in those positions.
Plaintiff was driving at a speed of about 15 miles per hour as he approached these two parked vehicles. His-headlights were burning, and he concedes that he saw the parked school bus on the south side of the street long before he reached the point *309 where the accident occurred. He stated, however, that he did not see the Martin truck on the north side of Fourth Street until he was within eight or ten feet of it, and that he then was unable to avoid an accident. The explanation which he gave at the trial for failing to see the truck sooner was that he was blinded by the headlights of a car which was approaching from the west. He testified that he had observed the approaching car for some distance before he reached the place where the accident occurred, that the headlights of that car blinded him “when it came around the bus,” and that he did not see the Martin truck at all until after the approaching car had passed the parked school bus and had turned back toward the south shoulder of the street after going around the bus. He stated that he then saw the Martin truck for the first time about eight or ten feet ahead of him.
Plaintiff’s testimony as to how the accident occurred is supported generally by that of Bobby Eugene Foreman, a passenger in plaintiff’s car. Foreman stated, “Just as we were fixing to pass a school bus a car passed us and blinded us, and the next thing I knew we had run into a truck.”
Plaintiff did not apply his brakes and he did not veer his car to the left in an attempt to avoid an accident. The collision occurred in the north, or west bound, lane of traffic, the extreme right front portion of plaintiff’s car striking the right front portion of the truck. If plaintiff had veered slightly to his left, or toward the center line of the street, the accident would have been avoided.
The trial judge found that the Martin truck “constituted an unusual obstruction on the road which plaintiff would not normally have anticipated would be there,” and that the case thus “comes squarely within the exceptions” set out in Vowell v. Manufacturers Casualty Ins. Co., 229 La. 798, 86 So.2d 909 (1956); and Suire v. Winters, 233 La. 585, 97 So.2d 404 (1957). He concluded that the owner of the truck was negligent in parking it in that position, and that plaintiff was free from contributory negligence.
We have not been convinced up to this point that the owner of the Martin truck was negligent in parking that truck along the north side of Fourth Street. We find it unnecessary to consider or to determine that issue, however, because we have concluded that in any event plaintiff also was negligent and that he is barred from re--covery by his own contributory negligence.
The general rule is that a motorist is held to have seen an object which by the use of ordinary care and prudence he should have seen in time to avoid running into it, and he is guilty of negligence in driving at a rate of speed greater than that in which he could stop within the range of his vision. When visibility is materially impaired because of such things as bright lights, smoke or fog, a motorist is held to a duty of operating his vehicle with an unusually high degree of care. Under those circumstances he should reduce his speed to such an extent and keep his car under such control as to reduce to a minimum the possibility of accident from collision. Lewis v. Quebedeaux, 134 So.2d 93 (La.App.3d Cir.1961, Cert. denied); Aymond v. Missouri Pac. R. R. Co., 179 So.2d 460 (La.App. 3d Cir.1965).
Exceptions to the above stated general rule have been made in a number of cases where, because of unusual and extraordinary circumstances which were found to exist in those particular cases, the driver of the moving vehicle was held to be free from actionable negligence in colliding with a stationary object on the road ahead of him. See Vowell v. Manufacturers Casualty Ins. Co., supra; and Suire v. Winters, supra.
We think the general rule applies in the instant suit. Plaintiff would have seen the parked Martin truck long before he reached the point where the accident occurred if he had exercised ordinary care and prudence. The truck was parked partially in plaintiff’s lane of traffic, and plain *310 tiff should have seen it as quickly and as easily as he saw the school bus which was parked on the other side of the street. The Martin truck was painted red, and it was parked in an area which was illuminated by a street light. Plaintiff traveled a- distance of almost two blocks on a straight, level street before he reached the point where the truck was parked, and there was nothing to obstruct his vision while traveling that distance. He must be held to have seen the Martin truck a considerable distance before he reached it, therefore, and he was negligent in failing to maintain proper control over the car he was driving and in failing to avoid an accident.
If the headlights of the car which was approaching from the west impaired plaintiff’s vision in any way as he approached the parked truck, then he was under a duty to exercise an unusually high degree of care and to reduce his speed so that he could stop within the range of his vision. In this instance he stated that he was not blinded until the approaching car turned toward the center of the street to go around the parked school bus. He, of course, should have seen the Martin truck long before this occurred, and he thus should have known that the truck was there. But even if he had not observed the Martin truck before he was blinded, as he should have done, the evidence shows that he continued to travel at a speed of about IS miles per hour while the approaching car turned to go around the school bus, traveled the length of the bus and then turning back to its right. The exact distance which plaintiff traveled while he says he was blinded is not shown, but it is obvious that he had ample time within which to reduce the speed of his car to such an extent that he could have stopped or swerved to his left after he admits seeing the parked truck, and thus he could have avoided a collision. Assuming that he was blinded as he says he was, therefore, he was negligent in failing to reduce his speed as soon as his vision became impaired. His negligence in that respect was a proximate cause of the accident.
We cannot agree with the trial judge in his conclusion that the Martin truck constituted an unusual obstruction on the road, and that plaintiff thus, under the Vowell and Suire cases, supra, is excepted from the general rule which requires him to maintain such control of his car that he can stop within the range of his vision. In the first place, we do not consider the Vowell and Suire cases cited by plaintiffs, supra, as being applicable here since the motorist in each of those cases was traveling on an open highway rather than on a city street, as in the instant suit. And, second, the parking of the Martin truck on Fourth Street cannot be said to have been such an “unusual and extraordinary circumstance” as to relieve plaintiff of the duty imposed on him by law of seeing the truck or of maintaining control over the vehicle he was driving. The parking of motor vehicles on Fourth Street was legal, and we have already noted that motorists regularly parked on it. Plaintiff was thoroughly familiar with that particular street, and we think it is untenable for him to take the position now that the parking of a truck on Fourth Street was an unusual and extraordinary circumstance which he had no reason to anticipate would occur.
Since we have concluded that plaintiff was negligent, and that he thus is barred from recovery by his own contributory negligence, it is unnecessary for us to consider the question of whether the owner of the Martin truck also was negligent.
For the reasons herein set out, the judgment appealed from is reversed, and judgment is hereby rendered in favor of defendant, Home Indemnity Company, and against plaintiff, Hubert Bertrand, rejecting plaintiff’s demands and dismissing this suit at plaintiff’s costs. All costs of this appeal are assessed to plaintiff-appellee.
Reversed.