BOLIN, Judge.
Harry M. Martin sues Mr. and Mrs. Douglas G. Moore and Southern Farm Bureau Casualty Insurance Company for damages arising out of an intersectional collision between a Chevrolet automobile driven by Mr. Martin and a Ford vehicle driven by Mrs. Moore. Defendants denied negligence and, alternatively, alleged contributory negligence against plaintiff. For written reasons the lower court found the accident was caused solely by plaintiff’s negligence and rejected his demands and he appeals.
Numerous witnesses, including the two drivers, testified, some from personal observation of the accident, whereas others testified concerning related matters including physical conditions in the vicinity. Although there is some conflict in the testimony, we are in general agreement with the findings of the trial judge and shall briefly set forth our appreciation of the facts.
The accident occurred at the intersection of Jackson and Standifer Streets in the City of Monroe, Louisiana. Both thoroughfares are paved and are approximately the same width. Jackson Street runs generally north and south and Standifer east and west. Jackson is the favored street and there is a large stop sign facing traffic entering Jackson from Standifer. The accident occurred at approximately 9:30 o’clock A.M. during a light fog, but the fog was not heavy enough to prevent a motorist from seeing three or four blocks without the aid of headlights. Mr. Martin was driving his Chevrolet east on Stand-ifer and apparently stopped before entering Jackson to allow some traffic to clear on the favored street. He then attempted to cross Jackson but his vehicle was struck on the right side by the Ford driven by Mrs. Moore who was proceeding north on Jackson. Martin stated he never saw the approaching Moore car. Mrs. Moore was traveling at a lawful rate of speed and saw the Martin car at the intersection and, be *609 lieving he would accord hei the right of way, proceeded into the intersection. As soon as Mrs. Moore realized Mr. Martin was entering and would continue across Jackson, thereby blocking her lane of traffic, she attempted to take evasive action but was unable to avoid the accident.
A motorist on a right-of-way street, entrance to which is controlled by a stop sign, has the right to assume that a driver entering the favored street will observe the law and will yield the right of way before entering the intersection. The favored motorist can indulge in this assumption until such time as he sees, or should see, that the driver of the car on the inferior street has not observed his right-of-way or is not going to observe it. Under the same circumstances, if the superior driver sees, or should see, that the vehicle on the inferior street is going to violate the right-of-way, and if thereafter the superior driver has a reasonable opportunity to avoid the accident by evasive action, then his negligence becomes a proximate cause of the accident. Sims v. Miller, 193 So.2d 890 (La.App. 3 Cir.1967) and cases cited therein.
 We find Mr. Martin should have seen the Moore vehicle as it approached the intersection from his right on Jackson Street and should have waited until he could cross in safety. The law imposes a duty upon a motorist to see what he should have seen and there is nothing in the record to show why Mr. Martin could not have seen the Moore vehicle if he had made proper observation. This negligence was a contributing cause of the accident which precludes his recovery under the plea of contributory negligence. Having reached this conclusion it is unnecessary for us to determine whether or not Mrs. Moore was also guilty of negligence proximately causing the accident.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.