215 So.2d 215 (1968)
Arnold THIBODEAUX, Plaintiff-Appellee,
v.
The TRAVELERS INDEMNITY COMPANY, Defendant-Appellant (Aetna Casualty & Surety Company, Intervenor-Appellee).
No. 2441.
Court of Appeal of Louisiana, Third Circuit.
October 31, 1968.
*216 Dubuisson & Dubuisson, by James T. Guglielmo, Opelousas, for defendant-appellant.
Guillory, Guillory & Guillory, by Louis Dischler, Jr., Eunice, for plaintiff-appellee.
Voorhies, Labbe, Fontenot, Leonard & McGlasson, by Patrick A. Juneau, Jr., Lafayette, for intervenor-appellee.
Before TATE, SAVOY, and HOOD, JJ.
TATE, Judge.
This is a tort suit. The defendant-appellant appeals from judgment awarding the plaintiff Thibodeaux damages. The issues are primarily factual.
Thibodeaux was driving eastward. A westward-bound pickup truck skidded across his lane into a ditch on Thibodeaux's side of the road. Thibodeaux collided with this vehicle.
This pickup truck was drived by Michael Burns. Made defendant is his liability insurer, Travelers, which appeals from the adverse judgment.[1]
The primary issue is whether the trial court committed error in accepting Thibodeaux's version of the accident over that to which Burns, Burns' passenger, and a following driver testified.
Thibodeaux testified that Burns suddenly veered into his immediate path almost simultaneously with the resulting accident. He testified he saw a splash from under Burns' right wheel immediately preceding the veer into his path.
On the other hand, Burns and the other two witnesses testified that Burns had lost control of his automobile perhaps about *217 150 feet before the impact, that he skidded broadside for a distance, and that he had come to rest in Thibodeaux's path some 4-5 seconds before the impact.
We find no error in the trial court's accepting Thibodeaux's version over that relied upon by the defendant. Aside from the circumstance that the trial court's evaluation of credibility carries great weight upon appellate review, the physical facts and debris of the accident as found by the investigating state trooper also support Thibodeaux's version of an impact virtually simultaneous with Burns' veering into Thibodeaux's ditch.
Additionally, the state trooper's investigation indicated no latent road defect or grease spot such as claimed by Burns as the cause of the accident. He found only rainwater encroaching on the edge of the pavement in Burns' lane in the area of the accident. Considering the drizzling weather and the wet road, the existence of such puddles and the slipperiness of the pavement should have been readily foreseeable.
We therefore affirm the trial court's finding that the sole proximate cause of the accident was Burns' negligence in losing control of his vehicle and skidding into the other lane.
Where an accident occurs primarily because of a vehicle's invasion of a part of the roadway reserved for traffic approaching from the opposite direction, the invading motorist must prove by clear and convincing evidence that his own negligence did not in any particular contribute to the mishap. Rizley v. Cutrer, 232 La. 655, 95 So.2d 139; Breaux v. Valin, La.App. 3 Cir., 138 So.2d 405. Furthermore, the approaching motorist is not contributorily negligent for failing to anticipate and avoid the sudden appearance in his lane of the invading vehicle. Rizley v. Cutrer, cited above.
Quantum
The trial court awarded the plaintiff $10,000, the full policy limits of the defendant Travelers' liability policy. The award included special damages of $1,565.30; this figure consisted of $767.80 of proven medical expenses, plus $807.50 for 10 weeks loss of wages.
The remaining eight thousand dollars were general damages awarded for the plaintiff's personal injuries. These personal injuries consisted of six ribs (Tr. 50) suffering multiple simple fractures, a 3½ inch laceration to the bone on the right jaw, a deep V-shaped laceration of the leg in an area of varicose veins, a cerebral concussion, and various bruises. The injuries were severely painful for three to four weeks, with residual pain thereafter. The patient was hospitalized for ten days.
Thibodeaux was discharged by his doctor as able to return to work 39 days after the accident. However, both he and his employer testified that he was disabled from working and lost another four weeks' wages, finding the pain too much on his single day's return to work after his medical discharge. After he returned to work, Thibodeaux was given a helper for approximately three months more, because of residual disability.
On appellate review, the trier of fact's award of general damages for personal injuries should not be disturbed unless the reviewing court finds that the fact-trier has abused its great discretion in this regard, after taking into consideration that each personal injury may be evaluated according to its own peculiar facts and circumstances. LSA-Civil Code Art. 1934(3); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127; Ballanga v. Hymel, 247 La. 934, 175 So.2d 274; Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149. See, generally, Comment, 25 La.L.Rev. 545 (1965). In this regard, as these sources note, prior awards for seemingly similar injuries are relevant *218 only insofar as they may indicate that the present award is so greatly out of proportion with past awards as to indicate a possible abuse of the trial court's great discretion in this regard, even taking into consideration that each personal injury may vary according to the circumstances peculiar to the person and the case, and that magnitude and duration of pain or residual may vary greatly from individual to individual.
Tested by this standard, a majority of this court has concluded that the award of some eight thousand dollars general damages for the present injury constituted an abuse of the great discretion of the trial court, and that this award should be reduced to six thousand dollars. See, e. g.: McMillan v. Phillips, La.App. 2 Cir., 194 So.2d 161 (syllabus 3) ($5,000); Lege v. Pioneer Casualty Co., La.App. 3 Cir., 164 So.2d 634 ($4,000); Linthicum v. Hill, La. App. 3 Cir., 185 So.2d 866 ($2,750).
In addition, the plaintiff is entitled to special damages of $1,563.50: (a) The medical damages of $767.80 are undisputed; (b) with regard to the loss of wages, both Thibodeaux and his employer testified that he had lost ten weeks wages. His employer testified that Thibodeaux's rate of pay was $1.90 per hour, and that he worked an average of 40-45 hours per week. We think a fair award for these wages lost (calculated at 10 weeks loss of wages, 42½ hours per week, at $1.90 per hour) is $807.50.
Decree
Accordingly, the award to the plaintiff is reduced from $10,000 to Seven Thousand Five Hundred Sixty-Three and 50/100 ($7,563.50) Dollars, with legal interest thereupon from judicial demand until paid. As thus amended, the trial court judgment is affirmed in all other respects. The defendant-appellant is to pay the costs of this appeal.
Amended and affirmed.
NOTES
[1] A compensation insurer, Aetna, intervened to recover workmen's compensation benefits paid to Thibodeaux on his employer's behalf. The accident occurred while Thibodeaux was working. The trial court recognized Aetna's right to reimbursement out of the award made to the plaintiff. LSA-R.S. 23:1103.