CULPEPPER, Judge.
The plaintiff, Mrs. Azeline Guillory, seeks damages for personal injuries sustained when she slipped and fell on the steps at the rear of the residence of the defendant, Mr. Butley Smith. The defendant, The Employers Liability Assurance Corporation, Ltd., is the insurer of the Smith residence. From an adverse judgment the plaintiff appealed.
The substantial issue is whether the plaintiff actually slipped on a folded “rice sack” on the steps, or whether she simply fell down the steps due to no fault of the Smiths.
The accident occurred on March 29, 1966 at about 9:00 p. m. The plaintiff, a resident of Evangeline Parish, was visiting her sister, Mrs. Houston Prudhomme in Opelousas, and they had gone for a social visit with the Smiths on the night in question. They entered the residence by way of the rear steps and after their visit were leaving by the same route when the accident occurred.
The steps in question are made of concrete and are about 5 feet in width. They lead from a sidewalk and there are 4 steps up, including the top step which is at the level of the house floor. The door at the top of the steps opens to the right from the outside. A rice sack was customarily left on the steps for persons to clean their shoes before entering the house.
As the visitors left, they were “saying goodbye”. and going down the steps. In the lead was Mrs. Prudhomme, who is crippled and was holding to a window aircon-ditioning unit with her right hand. Mr. Prudhomme was behind his wife holding her left arm. Plaintiff was to the rear of the Prudhommes. Mr. and Mrs. Smith were standing at the top of- the steps.
Plaintiff testified she did not see the rice sack, but as she stepped on the second step from the bottom her right foot slipped out from under her and she fell in a sitting position. She put her hand down and felt the sack. She thought she slipped on the sack which was on the second step from the bottom.
Plaintiff’s brother-in-law, Mr. Prud-homme, testified that he visits the Smiths often and the rice sack is always kept on the second step from the bottom. Although, of course, he was in front of plaintiff and did not see her fall, he thought she *796 slipped on the rice sack which was on the second step at the time.
Both Mr. and Mrs. Smith testified positively that the ricé sack is always kept on the bottom step, for people to wipe their shoes before they enter the house. They say it is never on the second step and was not there on the night in question. Both were behind the plaintiff and saw her fall. They testified positively that plaintiff did not step on the rice sack but instead simply lost her balance and fell down the steps.
This conflicting testimony was resolved by the trial judge as follows:
“The Court does not find that the testimony preponderates in favor of the plaintiff that she in fact fell on the sack. The testimony of the plaintiff as the Court recalls it was that when she came to rest her hands came to rest upon a rug which the Court would assume would mean the sack, and her witnesses did not testify that she in fact slipped on the sack, and there is positive testimony both on the part of Mr. and Mrs. Smith that the step on which the plaintiff slipped was not the step upon which the sack was in the’ first place', and that she did not in fact slip on the sack at all.”
The question of whether plaintiff slipped on the sack is factual and depends on the weight to be accorded the testimony of the respective witnesses. A cardinal rule of appellate review is that a finding of fact by the trial judge, particularly one involving the credibility of witnesses, will not be disturbed unless there is manifest error. Clearly, there is no such error here.
The evidence does not show any defect in the steps, slippery foreign substance or any other cause of the accident attributable to the Smiths. Our jurisprudence is established that the host is not an insurer of the.safety of his social guests. He owes them only the duty to exercise reasonable care to keep the premises reasonably safe for the use intended. Alexander v. General Accident Fire & Assurance Corp., 98 So.2d 730 (La.App., 1st Cir. 1958). With reference to steps in particular, they are generally held to be such obvious and usual appurtenances of a building that the person using them is required to see them and to use due care traversing them. There is no liability on the part of the owner of the premises in the absence of some unusual hazard of the steps. Knight v. Travelers Insurance Co., La.App., 32 So.2d 508; Magoni v. Wells, La.App., 154 So.2d 524; Parvino v. Wellman’s Funeral Parlor, Inc., La.App., 176 So.2d 749; and Ensminger v. Great Atlantic & Pacific Tea Co., La.App., 152 So.2d 586.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.