230 So.2d 343 (1970)
Irene C. SHEPHARD, d/b/a Irene's Metairie Home Service, Alvin Ard, and Albert Lyons
v.
CHECKER CAB COMPANY, Stanley W. Richard, Taxicab Bonding Association and St. Louis Fire & Marine Ins. Company.
No. 3694.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 1970.
*344 Plotkin, Sapir & Bradley, Shirley Ann Basile, New Orleans, for plaintiffs-appellees.
A. J. Marciante, New Orleans, for defendants-appellants.
Before SAMUEL, LeSUEUR and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
This is an action ex delicto resulting from an intersectional collision between a 1960 model Ford beverage truck belonging to the plaintiff Irene C. Shephard and a 1966 Chevrolet taxicab belonging to defendant Checker Cab Company. The accident occurred on May 19, 1967, at approximately 9:30 a. m., at the intersection of North Galvez and Marigny Streets, in the City of New Orleans. North Galvez Street was the favored thoroughfare, there being a stop sign situated on Marigny Street at its intersection with North Galvez. The weather was clear at the time of collision.
The facts surrounding the case are as follows: The aforementioned plaintiff beverage truck was being operated by the owner's employee Albert Lyons in a westerly direction on North Galvez Street. Alvin Ard, a co-employee of Lyons, was a passenger in the truck, he being seated next to the driver. The defendant taxicab was being operated by the owner's employee Stanley W. Richard in a southerly direction on Marigny Street. The collision occurred when the front of the taxicab struck the right side of the truck inside the intersection. Plaintiffs Lyons and Ard sued for personal injuries, medical bills and loss of wages and made the Checker Cab Company and its liability insurers, Taxicab Bonding Association and St. Louis Fire and Marine Insurance Company, and the driver of the taxicab, Stanley W. Richard defendants. Plaintiff Irene C. Shephard has sued the same defendants for damages to her truck. All defendants answered, denying negligence on the part of Richard. Additionally, the Checker Cab Company filed a third party petition asking that plaintiffs' suit be dismissed and alternatively should judgment result against it and in favor of Ard that Alvin Lyons and Irene Shephard be held jointly and solidarily liable with it for the sum of such judgment. The lower court rendered judgment in favor of all plaintiffs against all defendants solidarily and disallowed the third party demand, the trial judge stating in written reasons that he considered the sole cause of the accident to have been the negligence of the defendant Richard in failing to stop for the stop sign, and if he did stop, in moving from a place of safety into a place of danger without due caution. Thus he awarded Albert Lyons the sum of $323.79 for medical expenses and $1500 for pain and suffering; Alvin Ard the sum of $385.29 for medical expenses and $200 for pain and suffering and Irene Shephard the sum of $741.52 for property damage and to the truck. The trial judge also assessed certain expert fees and disallowed the claims of Lyons and Ard for loss of wages inasmuch as they had not been proven.
From this judgment all defendants have appealed and all plaintiffs have answered the appeal seeking damages from defendants for prosecuting a frivolous appeal, and additionally Lyons and Ard ask that the lower court awards for pain and suffering be increased respectively by the sums of $1000 and $2000. Lyons and Ard have abandoned their claims for damages for lost wages.
Albert Lyons, the driver of the truck, testified in essence that he was moving in a westerly direction on North Galvez Street at between 15 and 20 miles an hour when he approached the intersection with Marigny Street. He saw the taxicab as it *345 neared the intersection, and also observed that the taxicab was faced with a stop sign. He states that he assumed that the taxicab would stop for the stop sign, and accordingly proceeded across the intersection wherein he was struck by the taxicab. His passenger and co-plaintiff, Alvin Ard, was examining his books at the time of the accident and stated that he did not see the taxicab until it collided with the truck.
The taxicab driver, Stanley W. Richard, testified that he stopped for the stop sign, looked to see if there was any oncoming traffic, and seeing none proceeded into the intersection attempting to make a right turn onto North Galvez Street. He states that he at no time before the accident saw the plaintiff's truck, perhaps because the sun blinded him. In any event before he could complete his right turn the left front portion of his taxicab struck the right side of the plaintiff's truck.
It is elementary that a motorist traveling legally on a right of way street has the right to assume that traffic approaching an intersection from less favored streets will observe the law and not violate the former's right of way. Ballaron v. Roth, La.App., 221 So.2d 297, and cases cited therein. Therefore, Lyons was justified in assuming that Richard would stop his taxicab at the stop sign and permit the truck to cross the intersection in safety. There was nothing which would indicate the contrary to Lyons. If Richard did not stop his taxicab at the stop sign he was in violation of the traffic laws, specifically LSA-R.S. 32:123, and negligent in the operation of his vehicle. Even if he did stop, his duty did not end there. He was further required to appraise the traffic on North Galvez Street and to yield the right of way to any vehicle approaching closely enough on the favored highway as to constitute a safety hazard. LSA-R.S. 32:123. Ballaron v. Roth, supra; Messana v. Allstate Insurance Company, La.App., 182 So.2d 93. To merely stop at a stop sign and then proceed into the path of oncoming vehicles constitutes negligence. Landry v. State Farm Mutual Automobile Ins. Co., La. App., 215 So.2d 226. Furthermore the record satisfies us that Lyons was not speeding or otherwise driving improperly as he approached the intersection and therefore whether or not Richard actually saw the plaintiff's truck approaching makes no difference as under our law a motorist is held to see that which with due diligence he should have seen. Martin v. Moore, La.App., 210 So.2d 607; Bertrand v. Home Indemnity Company, La.App., 209 So.2d 307. For a motorist to look and not see is equivalent to not looking at all. Jacobs v. State Farm Mutual Automobile Ins. Co., La.App., 191 So.2d 908. We therefore agree with the trial court that the sole cause of the accident was the negligence of defendant Richard.
We now come to the issue of quantum. Plaintiff Lyons complained of back trouble which he said began some four or five days after the accident and interfered with his normal duties of lifting cases of bottles, driving trucks, etc. His pains lasted for some time after the accident and, in mild form, were still present at the time of trial some 18 months later. Dr. Jack C. Castrogiovanni, an internist who treated Lyons, confirmed his complaints, diagnosing same as a lumboscral sprain with attendant muscle spasm. Plaintiff Ard also complained of back pain which prevented the performance of his normal duties, which were similar to those of Lyons. His complaints were confirmed by the testimony of two medical experts, Dr. Castrogiovanni and Dr. Stuart Phillips, an orthopedic surgeon. Ard's injuries were diagnosed as a flexion strain of the lumbar spine, with attendant spasm, and multiple abrasions and contusions. In the case of both plaintiffs the medical testimony confirmed that their injuries resulted from the accident in question. The trial judge has great discretion in fixing general damages for personal injuries and his award will not be disturbed in the absence of a clear abuse of his discretion. LSA-C.C. art. 1934(3); Thibodeaux v. Travelers *346 Indemnity Company, La.App., 215 So. 2d 215; Hall v. State Through Department of Highways, La.App., 213 So.2d 169; Desselle v. Wilson, La.App., 200 So.2d 693; Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127. Considering the evidence, and the fact that our law requires each case of personal injury to be evaluated according to its own peculiar facts and circumstances, we cannot say that the trial judge is guilty of manifest abuse of his discretion in fixing the damages as he did. Richard v. American Oil Company, La.App., 213 So.2d 158; Desselle v. Wilson, supra.
The trial court's award of $741.52 for damage to plaintiff's truck is also challeged by defendants. Defendant's witness, Rene Bourquard, fixed the value of plaintiff's truck at between $350 and $450. Plaintiff's witness, Morris P. Vicknair, estimated the cost of repairing the truck at $741.52. Much discretion is accorded the trial court in assessing damages. Danos v. Forsythe, La.App., 205 So.2d 821. The trial judge saw and heard the witnesses personally and apparently gave no weight to the testimony of Bourquard. Unless they are manifestly erroneous, the trial court's findings of fact and its evaluation of the witnesses and their credibility may not be disturbed on appeal. Guillory v. Employers Liability Assurance Corp., La. App., 217 So.2d 794. We cannot say that the trial judge committed manifest error in discounting the testimony of Bourquard and accepting the conclusions of Vicknair.
Finally we find that the claim of plaintiffs for damages from defendants for having taken a frivolous appeal is without merit and it will therefore be denied. Such damages will not be allowed unless it is evident that the appeal was taken merely for purposes of delay and that counsel for appellant does not honestly believe that there is merit in his contentions. J. J. Clarke Co. v. Toye Bros. Yellow Cab Co., La.App., 22 So.2d 298. These requirements are not in the instant case inasmuch as defendants' contentions of contributory negligence and excessiveness of awards are susceptible to reasonable argument.
For the reasons set forth the judgment of the trial court is affirmed. Cost of this appeal to be assessed against defendants in solido.
Affirmed.