LOTTINGER, Judge.
This suit arises out of an automobile accident which occurred in the City of Boga-lusa, Louisiana, on December 8, 1972. The petitioners are Darrel T. Wheat, the operator of his automobile, and his wife, Sharon K. Wheat, who was a passenger in the Wheat automobile. Defendants are Mrs. Kathryn Rhodes Seng, the operator of the other vehicle, and her liability insurer, Travelers Insurance Company. Mrs. Seng and Travelers filed a third party demand against Darrel T. Wheat and his liability insurer, Dixie Auto Insurance Company. Mrs. Wheat amended her original petition to allege, in the alternative, that, if her husband’s negligence contributed to the accident, then his insurer, Dixie, was liable to her for damages she suffered because of her personal injuries resulting from the accident.
Following trial on the merits, the Lower Court rendered judgment in favor of Mrs. Wheat and against Mrs. Seng and Travelers, jointly and in solido, in the sum of $11,000.00. A judgment was rendered in favor of Darrel T. Wheat and against Mrs. Seng and Travelers, jointly and in so-lido, for the sum of $3,301.15 for property damages. Judgment was rendered in favor of Dixie denying the demands of Mrs. Wheat and in favor of Mr. Wheat and Dixie denying the third party demand of Mrs. Seng and Travelers.
A devolutive appeal was filed by Mrs. Wheat in which she seeks more quantum for her personal injuries. A suspensive appeal was taken by Mrs. Seng and Travelers.
*865 The Lower Court found that at the time of the accident Mr. Wheat was proceeding south on Austin Street and his wife was a passenger in the right front seat of his car. Mrs. Seng was in her father’s car in the driveway to his house located on the east side of Austin Street. She backed into Austin Street intending to proceed south as Mr. Wheat was proceeding in that same direction. After backing out, she pulled her car forward on the east side of Austin until it was parallel with the curb. She then proceeded to turn and enter the southbound lane of Austin Street, striking the Wheat vehicle on the left rear fender. The damages to the Seng automobile was to the right front bumper. The Lower Court held that the evidence indicates that the collision occurred in the southbound lane of traffic and that, accordingly, the accident was the sole result of negligence on the part of Mrs. Seng.
 There is conflict between the evidence as given by the occupants of the Wheat vehicle, on the one hand, and the occupants of the Seng vehicle, on the other hand. There is, furthermore, some conflict as to the testimony of the various occupants of the Seng vehicle. However, both police officers testified that at the time they arrived at the scene the Wheat vehicle was in the southbound lane of traffic. Findings of fact as arrived to by the Lower Court should not be disturbed on appeal in the absence of manifest error. Canter v. Koehring Co., La., 283 So.2d 716 (1973). The record of this proceeding overwhelmingly supports the findings of the Lower Court as correct, and we find no manifest error in the conclusion of the Trial Court as to liability for the accident.
With regard to quantum, the Lower Court said:
“Mrs. Wheat- suffered back pains immediately after the accident which occurred on a Saturday night. Monday morning she went to Dr. Crooks and he referred her to Dr. Dyas in Hattiesburg whom she consulted on December 28, 1972. She was sent home for two weeks conservative treatment. She returned on January 13, 1973, was admitted for a myelogram on January 19, 1973, and a laminectomy was performed removing a ruptured intervertebral disc at L-7, L-S.
“The evidence indicates that Mrs. Wheat had consulted Dr. Dyas in July of 1972 with reference to a back problem. A ruptured disc was suspected but no surgery was performed or recommended at the time. Mrs. Wheat was able to perform her duties as a bar maid up to the time of the accident in December. The court therefore concludes that if there was a ruptured disc prior to the December accident there was no necessity for surgery before then and she was able to perform the duties of her job which includes some lifting. Thus, the accident at least aggravated the disc which aggravation necessitated the surgery, and the possibility exist that it caused the disc since no positive diagnosis was made until after the accident.
“According to the testimony of Dr. Wicker, who performed the laminectomy, the surgery precludes Mrs. Wheat from doing any lifting of objects weighing more than 10 or IS pounds, and she suffers 15 or 20 percent disability of the entire body. The court believes that under these circumstances Mrs. Wheat will be adequately compensated by a judgment in her favor in the sum of $11,000.00 for her pain, suffering and disability.”
Of course the petitioner seeks an increase in quantum and defendants seek a reduction. LSA-C.C. art. 1934(3) provides in part as follows:
“In the assessment of damages under this rule, as well as in cases of offenses, quasi offenses, and quasi contracts, much *866 discretion must be left to the judge or jury, while in other cases they have none, but are bound to give such damages under the above rules as will full indemnify the creditor, whenever the contract has been broken by the fault, negligence, fraud or bad faith of the debtor.”
In Shephard v. Checker Cab Co., 230 So.2d 343 (La.App. 3rd. Cir. 1970), the Court said:
“The trial judge has great discretion in fixing general damages for personal injuries and his award will not be disturbed in the absence of a clear abuse of his discretion. LSA-C.C. art. 1934(3); Thibodeaux v. Travelers Indemnity Company, La.App., 215 So.2d 215; Hall v. State Through Department of Highways, La.App., 213 So.2d 169; Desselle v. Wilson, La.App., 200 So.2d 693; Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127. Considering the evidence, and the fact that our law requires each case of personal injury to be evaluated according to its own peculiar facts and circumstances, we cannot say that the trial judge is guilty of manifest abuse of his discretion in fixing the damages as he did. Richard v. American Oil Company, La.App., 213 So.2d 158; Desselle v. Wilson, supra.”
There is evidence in the record to the effect that Mrs. Wheat had sustained a ruptured disc from an accident which occurred during the month of July, 1972. Dr. Ralph Wicker testified that he first saw Mrs. Wheat during August, 1972, when she was under treatment of Dr. Dyas and that he placed her in the hospital because of some type of back pain. The history which she gave him was to the effect that she had injured her back approximately six months before. Dr. Ralph Wicker stated that he felt that she had a ruptured disc during August of 1972. There is evidence in the record to show that she was admitted to the hospital during August of 1972 for possible surgery, however, she chose to go home for two weeks and have strict bed rest rather than submit to a myelogram and possibly surgery.
It therefore appears that there is a question as to whether this injury of which Mrs. Wheat complains existed prior to the accident and whether or not the accident caused an aggravation of said injury. Her mother testified that Mrs. Wheat has returned to her job as bar maid, however, she is unable to lift as heavy objects as she did prior to the accident.
We find no manifest error on the part of the Lower Court and, under the provisions of Civil Code Article 1934(3) and the jurisprudence of this state, the decision of the Lower Court should be affirmed.
For the reasons hereinabove assigned, the judgment of the Lower. Court will be affirmed, all costs of this appeal to be paid by defendants.
Affirmed.