TAYLOR, Judge.
The defendants-appellants prosecute this appeal from an adverse judgment from the lower court wherein the plaintiff-appellee, Joseph Passalaqua, Jr., was granted judgment against Gerald R. Keenan and Allstate Insurance Company in the amount of $3,500.00 for pain and suffering and $246.60 for medical expenses and $152.20 for transportation (taxi fares) together with legal interest and costs.
The defendants-appellants admitted liability in the lower court and therefore the question of quantum is the only matter before this court.
It is a well established principle that the trial court’s award of general damages for personal injuries should not be disturbed unless the reviewing court finds that the fact-trier has abused its great discretion in this regard, after taking into consideration that each personal injury must be evaluated according to its own peculiar facts and circumstances. Thibodeaux v. Travelers Indem. Co., La.App., 215 So.2d 215 (1968).
The trier of fact heard and saw all the testimony in this case. The treating physician diagnosed the injuries as a “cervical muscle spasm and contusions of the abdomen” and described his regime of treatment. Upon initial examination at Hotel Dieu on the day of the accident September 29, 1968 he found muscle spasm in the neck and stomach and severe pain. The following day he again examined the plaintiff and instituted heat treatment and prescribed tranquilizers and some medication to relieve pain. He also prescribed the use of a cervical collar and advised the plaintiff to use hot towels to his neck at home. The physician saw the plaintiff on September 30, 1968, October 9, 11, 14, 18, 24, 29, November 5, 15 and 22. There is no record that the doctor saw the plaintiff in December but the doctor explained that when business was slack the girl in his office leaves before he does and that the plaintiff proba *240 bly came in and he checked him and let him go. He was the plaintiff’s family doctor, and the plaintiff always came in without an appointment. The doctor also saw plaintiff January 3, 9, 16, 22, 23, February 3, 10, 17 and 24 and then on April 7, 21 and April 5, 1969. On the last visit in April the plaintiff still complained of pain on turning his head to the right.
The abdominal contusion resolved' itself shortly after the accident.
Appellants urge that since there was no record that the plaintiff was seen during the month of December, 1968 by the doctor plaintiff must have been well. The trial court was satisfied with the doctor’s explanation as to the absence of notations in his file. We see no reason to distrust such a conclusion as found by trial court. It is well to note that in January, 1969 the doctor treated plaintiff for the same symptoms as previously stated.
Plaintiff testified he used the collar until he returned home when he would remove it. He did not wear it when asleep but used hot towels around his neck. Plaintiff restricted his activities by not lifting anything. He had two produce stands, one at 103014 Canal Street and the other at 139 Baronne Street. He did only the buying and had his workers set up the stands and do the selling. He would rest during the day.
Both the plaintiff and his doctor state that plaintiff was treated for about five or six months.
From a reading of the record we are satisfied that the trial court did not abuse its discretion in its evaluation of the extent of plaintiff’s injury and the award of $3,-500.00 is not an abuse of the trial court’s broad discretion in evaluating adequate and just compensation for this injury.
Appellants further contend that the expenditures for fares are excessive. They urge that the plaintiff’s wife should have mitigated the damage by using public conveyance instead of taxi cabs while plaintiff’s automobile was being repaired. Also they contest several undated receipts from taxi cab operators in the total amount of $22.10.
In so far as the undated receipts are concerned the trial court was satisfied as we are that these receipts were actually for cabs used by the wife during this period. We see no reason why this amount should not be included merely because of their being undated. The best evidence was presented and the trial court believed her as we do.
Plaintiff’s wife testified that each of these trips was necessary. Mrs. Passal-aqua’s daughter was in her last year at Fortier High School in New Orleans when they moved to Jefferson Parish and she was required to remain at Fortier. It was the mother’s custom to drive her daughter to school each morning. The mother further testified that she worked as a sitter for a person living in New Orleans near the lakefront. The nearest public transportation is fifteen blocks from plaintiff’s home and Mrs. Passalaqua worked at night. Appellants suggest she should have walked to the bus line and used public transportation, day or night to get to her job. Moreover Mrs. Passalaqua’s testimony was that she had a six year old boy and he would cry, as children do, when he had to walk any great distance. During this period she also used cabs to go to the hospital when the person for whom she was sitting was hospitalized.
Appellants urged this court to reduce the amount of cab fare to a more reasonable amount. We find nothing unreasonable in the award. When Allstate Insurance Company suggests that a lady deprived of the use of her automobile should walk fifteen blocks to the nearest bus line to go to work at night, then return by bus and retrace her steps an additional fifteen blocks in all kinds of weather and when Allstate further suggests that she use the same mode of transportation to go marketing or shopping for the necessities required by any family for the sole purpose of reducing the award *241 of damages against the person whose negligence caused this situation, it makes us feel as the child who has to walk a great distance. We could cry.
For the foregoing reasons the judgment of the trial court is affirmed. Costs of this proceeding are to be borne by defendants-appellants.
Affirmed.